PALMER and wife *vs.* GURNSEY.

Where the *payee* of a note accepted from the *maker* a deed of land subject to certain mortgages, and delivered up the note to the maker, and at the same time executed an instrument to him, agreeing in case the land should sell for more than enough to pay the amount of the note, satisfy the mortgages, and discharge all necessary expenses, to pay over the *surplus* to him, *it was held,* that the deed and agreement should be construed as a *mortgage,* and that the land having been sold, and not having brought enough to satisfy the mortgages, that the maker was entitled to recover the amount of his note in an action of assumpsit.

*Parol evidence* that the *intent* of the parties was that the conveyance of the land should be considered as an *absolute sale,* was held inadmissible.

THIS was an action of assumpsit, tried at the Dutchess circuit, in November, 1830, before the Hon. JAMES EMOTT, then one of the circuit judges.

The action was brought to recover a sum of money lent to the defendant in February, 1825, by the guardian of Mrs. Palmer, from the funds of his ward. On the 28th June, 1826, Mrs. Palmer having arrived of age, accepted from the defendant his note for $634, being the amount loaned in 1825, with the interest thereof. On the 13th May, 1829, the defendant executed to the husband of Mrs. Palmer a deed of 191 acres of land, situate in the town of Stanford, and of a village lot in Waterford, subject to two mortgages ; one for the sum of $3500, and the other for the sum of $800, reserving the possession of the premises to himself until the 1st April, 1830. The deed was a full convenant warranty deed ; the consideration expressed in it was $678,38, and it contained a clause in these words, immmediately following the description of the mortgages : " The payment of which the said party of the second part assumes." The consideration was paid by delivering up to the defendant the note for $634, given to Mrs. Palmer in 1826, and at the same time the husband of Mrs. Palmer executed an instrument to the defendant, reciting the above conveyance of the premises to him, and engaging, if the land should sell for more then enough, to pay the sum of $678,38, the consideration

expressed in the deed, and the mortgages on the premises, and all the trouble that he should have been put to at the time, that he would pay back to Gurnsey all the *overplus*. On this evidence the defendant submitted the question, whether the plaintiffs had shewn sufficient to entitle them to recover, and the judge decided that they had, ruling that the deed and the accompanying agreement ought to be construed as a *mortgage*, and collateral security for the debt. The defendant then offered to prove that the conveyance of the land was intended as an *absolute sale*, and that it was so agreed between the parties; which evidence being objected to, was refused to be received by the judge. It was proved that the premises conveyed by the deed were sold under a foreclosure of the *junior* mortgage for the sum of $250, subject to the senior mortgage. The defendant insisted that the deed and agreement taken together were to be deemed a satisfaction of the debt, and not a mortgage; and if not to be deemed a satisfaction, that the consideration mentioned in the deed should be allowed as a set-off, and requested the judge so to charge the jury, who, instead of doing so, instructed them that the consideration expressed in the deed was not, under the circumstances of the case, a proper subject of set-off; that the deed and agreement constituted a mortgage, and that the plaintiffs were entitled to recover the amount of the note given in 1826. The jury accordingly found a verdict for the plaintiffs, which was now moved to be set aside.

*H. Swift*, for defendant.

*R. Wilkinson*, for plaintiffs.

*By the Court*, SAVAGE, Ch. J. The only point in this case is, whether the deed and agreement constituted a mortgage. By the statute in force, applicable to this case, when the contract was entered into, it was enacted "that every deed conveying a real estate, which by any other instrument or writing shall appear to have been intended only as a security in nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage." 1 R. L. 373, § 3.

NEW-YORK, May, 1831.

The judge was certainly correct in rejecting parol evidence to shew the intention of the parties. The intention was to be ascertained from the written instruments; there was no ambiguity, requiring parol proof. It is evident, from the deed and agreement, that the plaintiffs took the deed merely as a security. Had the conveyance been intended as an absolute parting with all the interest of the grantor, there would have been no necessity for any writing back. It is true there was no right of redemption of the land itself, that was to be sold, but the avails were to belong to the grantor, after paying all incumbrances and expenses. The giving up the note is a circumstance favoring the allegation of a sale, and so is the fact of the grantee's assuming to pay the mortgage; but these circumstances are not sufficient to counteract the ageement to return the amount of overplus, which clearly shews that it was not the intention of the grantor to part with any more of his interest in the premises conveyed than sufficient to satisfy the mortgages and the amount due the plaintiff.

<div align="right">New trial denied.</div>