ALBANY,<br>October, 1835.<br><br>Van Duyne<br>v.<br>Thayre.

Judgment of common pleas reversed.

---

## VAN DUYNE *vs.* THAYRE.

The widow of a *mortgagor* is entitled to *dower* in the equity of redemption ; but her title is subject to the mortgage, and may be defeated by a foreclosure. The title she acquires by a marriage subsequent to the mortgage does not affect the security, or any of the remedies under it.

*After forfeiture*, the mortgagee or his heirs *having obtained possession of the mortgaged premises*, may, until the mortgage is satisfied, defend themselves in the possession under the mortgage, against a claim for dower.

In an action of *ejectment for dower*, the admissions of the husband whilst living are as competent evidence in bar of the title of his *widow*, as they would be in bar of the title of his *heir* or *grantee*.

THIS was an action of *ejectment for dower*, tried at the Yates circuit in December, 1833, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The plaintiff, Mary Van Duyne, claimed to recover dower in certain premises conveyed to her husband, Dennis Van Duyne, on the 15th December, 1818. She was married to him in 1824, and he died in 1831. The claim was resisted on the ground that the defendant was in possession as the *tenant* of the *heirs* of one George D. Stewart, to whom Dennis Van Duyne executed a *mortgage* of the premises in which dower was claimed, on 15th December, 1818, to secure the payment of about $2500, by instalments, the last of which fell due in 1825, and it was alleged that Van Duyne had either *surrendered* the possession of the premises to the heirs of the mortgagee in extinguishment of the mortgage, or had *abandoned* the premises and the heirs had entered under the mortgage. The mortgage was not produced, but its loss was accounted for, and parol evidence of its contents given. *Stewart*, the mortgagee, died in December, 1825. Shortly previous to

his death, it was agreed between him and Van Duyne, that he should release from the operation of the mortgage certain portions of the mortgaged premises which Van Duyne had sold, and Van Duyne should *surrender* the residue in satisfaction of the mortgage ; but before the agreement was carried into effect Stewart died. In 1826, the balance due upon the mortgage was about $1400. Van Duyne remained in possession of the premises, by himself or his tenants, until 1829 or 1830, when he left, declaring that he would pay no more for the premises, and complaining that Stewart had ruined him. On his leaving the premises, the guardians of the minor heirs of Stewart entered, and they have since been occupied under the heirs. On the part of the defence it was offered to be proved, that Van Duyne had frequently admitted that he had surrendered or given up the premises to Stewart or his representatives, in satisfaction of the mortgage : which evidence was objected to, and rejected by the judge. The judge was requested by the defendant's counsel, to charge the jury, that if they were satisfied that the representatives of Stewart had entered under the mortgage, that they would be authorized to find a verdict for the defendant, the same as if Van Duyne had surrendered the premises to Stewart in satisfaction of the mortgage. The judge declined so to charge. The cause was submitted to the jury, who found a verdict for the plaintiff. The defendant asks for a new trial.

*S. Stevens,* for the defendant. The evidence of the declarations of the husband of the plaintiff, that he had surrendered the premises in satisfaction of the mortgage, ought to have been received. A *surrender* is equivalent to a *foreclosure,* and may be shown by *parol.* Every fact that may be shown by parol proof, can be established by the admission of a party. 16 *Serg. & Rawle,* 286. 4 *N. Hamp. R.* 262. 7 *Wendell,* 125. 7 *id.* 139. The *widow* of Van Duyne is as much bound by his admissions, as would be his *heir* or *grantee.* The representatives of the mortgagee having entered into possession previous to the death of Van Duyne, the legal presumption is that he surrendered the premises.

*M. T. Reynolds,* for the plaintiff. By the marriage. the

plaintiff became entitled to dower in the mortgaged premises, subject to the mortgage it is admitted ; but still she cannot be barred of her dower except by a foreclosure in chancery in which she is made a party. 1 *Paige,* 193. A statute foreclosure would not bar her right ; much less can she be deprived of her dower by admissions or declarations made by her husband after the marriage ; even his *deed* conveying the property would not have that effect. 1 *R. S.* 742, § 16. Nor could his *parol* declarations affect his legal estate. 6 *Wendell,* 228. The mortgagee could not have brought ejectment before foreclosure, 2 *R. S.* 312, § 57; and upon the same principle, neither he or his heirs ought to be permitted to retain possession without foreclosure.

*By the Court,* Nelson, J. The evidence of the loss of the mortgage was sufficient to admit secondary proof of its contents. I cannot comprehend the force of the objection to the admissions of the mortgagor, while in the possession and occupation of the premises. They were admissible against him, and all persons claiming under him. 4 *Johns. R.* 230. 11 *Wendell,* 536. It is said, that the husband may thereby defeat his wife's dower ; but her rights in this respect are no more deserving an exemption from this well settled rule of law, than any other person who has derived his title through him. These declarations would unquestionably be competent evidence against an *heir* or *purchaser.* The wife's dower is subject to encumbrances existing prior to the intermarriage, and her title may be defeated the same as the title of the heir, or any other title subsequently accruing. 7 *Johns. R.* 283. The principle of the objection goes to the unreasonable length of excluding the declarations of a husband against himself in all cases of the kind, even if living and a party ; because their tendency would be to overreach the claim of dower by the widow after his death. For the error of the judge on this point, there must be a new trial.

As to the main question in the case, it is settled that the widow of a mortgagor is entitled to dower in the equity of redemption, upon the ground that, until foreclosure or entry, he

ALBANY,
October, 1835.

Van Duyne
v.
Thayre.

holds the legal title ; but her estate is subject to the encum-
brance, and may be defeated by a legal enforcement of it.
7 *Johns. R.* 283. She may pay off the mortgage, and
thereby protect herself. The subsequent intermarriage of
the mortgagor is not to be permitted to affect the security,
or any of the remedies under it.

If the mortgagee after forfeiture entered into possession,
either by the consent of the mortgagor or by means of legal
proceedings, he may defend himself there, at least till his debt
is paid ; and the widow has no rights in this respect beyond
what would belong to her husband, the mortgagor, if living.

Notwithstanding the mortgagor is viewed in the law as
holding the legal estate for many purposes, he is not so
viewed, generally, as against the mortgagee and those
claiming under him after forfeiture. They might have
maintained ejectment before the revised statutes, and may
now defend themselves if in possession under the mortgage.
The tenant of the mortgagor might attorn to the mortgagee.
20 *Johns. R.* 51. This interest or estate of the mortgagee
would descend to the *heir*, it being for the above purposes
the legal estate. He must have brought the ejectment, if
the mortgagee had died out of possession. Though the fee
descends to the heir, he, however, takes it *in trust*, it is said,
for the personal representatives. 3 *Johns. Ch. R.* 145.
*Toller*, 184 *to* 187. The debt goes to them, and they may
control the security ; but when possession is sought by a re-
sort to the security at law after forfeiture, on the footing of
a legal or common law estate in the land, the heir is the
proper party. He represents the realty. I have no doubt,
therefore, that it was competent in this case, for the heirs to
set up their possession as representing the legal estate in
the mortgaged property after forfeiture, in bar of the
widow's claim to dower, just as they might have done if an
ejectment had been brought against them by the mortgagor,
the husband. The widow may pay off the mortgage, and
her right then is perfect ; and then a release of the equity
of redemption, even if valid against the mortgagor and his
heirs, would be inoperative as to her. 5 *Johns. Ch. R.*
490. *See also id.* 452.

New trial granted.