By the Court, Bronson, J.
The objection that the demand-, ant forfeited her dower by eloping from her former husband and living in adultery with the present one, is answered by the the case of Reynolds v. Reynolds, (24 Wend. 193.) There was no divorce, and Burlew did not die until after the revised statutes took effect. But there are two very good answers to this action.
Burlew, the husband, did not take an- unqualified fee in the land under the deed from Sidney S. Morse. That deed must be read in connection with the covenant or defeasance' which was executed at the same time. These two instruments arc a part of the same transaction, and constitute but one conveyance, (a) What then was the nature of Burlew’s interest 1 According to the case of Palmer v. Gurnsey, (7 Wend. 248,) *100 he was a mortgagee. In that case the defendant, being indebted to the plaintiff’s wife, executed to the plaintiff a deed in fee of certain lands ; and the plaintiff, by a separate instrument, after reciting the conveyance, agreed that if the land should sell for more than enough to pay off certain incumbrances, and the consideration mentioned in the deed—which was the amount of the plaintiff’s debt—and the trouble the plaintiff should be put to-, he would pay back to the defendant all the overplus. It was holden, that the two instruments together constituted a mortgage. Savage, Ch. J. said : “ it is true, there was no right of redemption of the land itself—that was to be sold; but the avails were to belong to the grantor, after paying all incumbrances and expenses.” He added, that the agreement to return the overplus money “ clearly shews that it was not the intention of the grantor to part with any more of his interest in the premises conveyed than sufficient to satisfy the mortgages, and the amount due the plaintiff.” That case goes the whole length of deciding that the conveyance now under consideration is a mortgage. Morse, being indebted in the amount of the three mortgages to.St. John, Luquire and Burlew, conveys by deed in fee to Burlew, who, by a separate instrument executed at the same time, agrees, that if he can sell the premises within a reasonable time for more than enough to satisfy the three debts and his expenses, he will pay the excess to Morse. Burlew did not, in terms, covenant that he would sell, should an opportunity present, nor did the grantee make any such stipulation in Palmer v. Gurnsey. If Burlew is to be regarded as a mortgagee, then it is quite clear that the demandant has no right to dower. Burlew did not enter under the mortgage. He executed the power to sell, by conveying the land to Joshua Whitney, junior, who has since conveyed to the wife of Vincent Whitney', the defendant. The conveyance has answered the precise end which the parties designed to accomplish by it. The three debts which the conveyance was made to secure, have all been paid off, and Morse, has got the “ excess” for which the land sold beyond the *101 amount of the debts. Mrs. Whitney has acquired the interest Of both mortgagor and mortgagee, by virtue of her purchase under the power. Burlew never had any such seisin of the land as could entitle his widow to dower.
Although the conveyance, consisting of the deed and covenant, was not in the most usual form for making a mortgage, it had all the essential qualities of a mortgage, with the single exception that there was no express condition that the deed should become void on payment of the debts which it was made to secure. It may be that without such a condition Morse could not redeem, and then there is undoubtedly some difficulty in holding that this was a technical mortgage. In Palmer v. Gicrnsey, it was said that there was no right to redeem, and still the conveyance was held to be a mortgage. But as that doctrine is questioned by the demandant, I will assume that this was not a mortgage. What, then, was the nature of the transaction 1 It was not a case of purchase and sale. Burlew did not take the land to his own use. He was to sell and pay three specified debts, and return the surplus money to the grantor. This was a trust—valid both at the common law and under our new code. (1 R. S. 728, § 55.) Although there was no express covenant on the part of Burlew to sell, his duty to sell can easily be gathered from the agreement, and there can be no doubt that the performance of that duty would have been enforced by a court of equity. Burlew would not have been permitted to hold the land to his own use, after an opportunity presented of selling for more than enough to pay the debts. He has treated the conveyance as the creation of a trust, and the trust has been completely executed. The land has been sold, the debts paid, and the surplus money returned to the grantor. And now We have the widow of the trustee claiming dower in the trust estate. I need not refer to books to prove that a woman is not dowable of a trust estate.(b)
*102 I am strongly inclined to the opinion that this should be regarded as a trust, rather than a mortgage. But whether it be. the one or the other, the demandant cannot maintain her claim to dower.
There is, I think, another good answer to the action. Let us assume that the conveyance to Burlew was neither a trust nor a mortgage, but an, absolute, grant of the land to his own use. Still, he took the property subject to the two mortgages to St. John and Luquire, and consequently acquired nothing more than an equity of redemption. The mortgage to Luquire has been paid off, and may therefore be laid out of the case. But the mortgage to St. John is still a charge on the land. It has been assigned to the defendant, who is in possession, and the mortgage, as I infer from the case, is forfeited. How although a widow may have dower in an equity of redemption, she cannot, after a forfeiture, recover the land in an action at law against the mortgagee, or his assigns, in possession. (Van Duyne v. Thayre, 14 Wend. 233, and 19 id. 162.) Such rights as she has must be enforced in a court of equity.
But it is said that the St. John mortgage has been extinguished, and cannot now be set up. I will assume for the present that Mrs. Whitney, who, through several mesne conveyances, holds under the mortgagor, has purchased and taken 'an assignment of the mortgage. How will the question then stand 1 By the deed to her of August 7th, 1833, she acquired nothing more than an equity of redemption. The mortgage, as I infer, was then forfeited, and the legal estate was consequently vested in St. John,, the mortgagee. In September following, she purchased and took an assignment of the mortgage. Now assuming that there was a merger of one of the two interests thus united in the same person, which of the two interests was extinguished 1 Did the mere equity which she had previously acquired under the mortgagor swallow up the legal estate which she purchased from the mortgagee; or was the equity drowned in the legal estate ? There is much reason for saying that the equity is gone, and that the conditional fee created by the mortgage has become absolute. In this view of *103 the case the supposed union of the two interests in the same individual proves nothing in favor of the demandant. As the mortgage was anterior to the husband’s purchase, and the title under it has novv become perfect, it is difficult to see how the demandant can recover dower either at law or in equity. (See Jackson v. Dewitt, 6 Cowen, 316 ; 4 Kent, 45, 4th ed. ; Van Duyne v. Thayre, 14 Wend. 233, and 19 id. 162, and the cases there cited.)
But it is not necessary to determine what would be the effect of a union of the two interests in the same individual, for the mortgage was not assigned to Mrs. Whitney, but to her husband, the defendant. She holds under Morse, the mortgagor, and he holds under St. John, the mortgagee. Although for many purposes husband and wife are regarded in the law as one person, there can be no doubt that they may have separate interests in same real property.
It is said that there is an estoppel in the way of the defence which has been set up. In the first view which has been taken of the case, we have seen that Burlew took either a mortgage, or a trust estate, and that he executed the power or trust by conveying the land. It is now said that the purchaser is estopped from denying that Burlew had an absolute estate in the land. If that be so, then the wife of every mortgagee or trustee who has sold lands in pursuance of his authority may recover dower in the mortgage" or trust property. The thing is preposterous.
In the other aspect of the case, Burlew was neither mortgagee nor trustee; his deed was absolute. But, as we have already seen, he purchased subject to the mortgage to St. John, and consequently acquired nothing more than an equity of redemption-. That equity he transferred through Joshua Whitney, jun., to Susan E. Whitney. What possible objection can there be against allowing her to show what was the true character of the transaction 1 She is not setting up a paramount title in a stranger. She does not deny that Burlew had a title or interest of some sort to convey; but only proposes to show *104 what particular interest he had, and transmitted to her. We have gone very far—too far, I fear, in some cases—in allowing estoppels in the action of dower; but I am not aware of any case which will answer the demandant’s purpose. If the action was against Mrs. Whitney, who holds under Burlew, I should not think her concluded from showing what particular interest Burlew had to convey. But the action is not against her, nor against any one claiming under her. The defendant, as we have seen, holds under St. John, and clearly he is not estopped to set up his legal title.
New trial granted.

 See Cowen & Hills Notes to Phil. Ev. 1421, 2, and the cases there cited,

 See Germond v. Jones, (2 Hill, 569, 573 ;) Powell v. The Monson and Brim, field Manuf. Co: (3 Mason's Rep. 347.)