Read, J.,
dissenting. I am of opinion that Adbeel Coleman was seized of an estate of inheritance during the coverture, within the meaning of the dower act applicable to this case.'
Up to the present term, although there have been conflicting dicta, the decisions of this Court have uniformly treated the mortgagee as a mere lien holder at law, as well as in equity. Accordingly the estate of the mortgagor has been sold upon a common law execution as legal estate, in fee simple, and mortgagees have not reconveyed on receiving payment of their debts.
The great question is, whether a mortgagee, after condition broken, holds the legal estate in fee. If he be not the owner of the legal estate of inheritance, it is clear the mortgagor is such owner. This Court has expressly decided that a mortgagee may, after condition broken, assign whatever interest he holds in the mortgaged lands by a mere assignment of the debt, and also that payment of the debt extinguishes such interest. That the mortgagee holds a legal interest and has good right to the possession of the mortgaged property, whether real or personal, is not doubted, wherefore he may maintain an action to recover the possession. This right is perfectly' consistent with the character of his lien — whereas the doctrine that the mortgagee of land, after condition broken, is the legal freeholder, and yet that he may transfer his interest without deed, is manifestly inconsistent.
*680 It Is said-that, at all events, as between the parties, the mort- , f , ^ t ’ gagee is the freeholder. But that opinion is irreconcilable with the decision that payment of the debt destroys all the interest of the mortgagee as to all the world, including the parties. The reason given is, that the mortgagee is at law as well as in •equity a mere creditor,-who has a specific:,lien on the property for the payment'bf his debts. Perkins v. Dibble, 10 Ohio Rep. 439; Moore v. Burnet, 11; Ohio Rep. 341; Cameron v. Hill, 5 Hill’s Rep. 276 ; Edwards v. The Farmer's Fire Co. 21 Wend. Rep. 483, 486-7 ; S. C. on error, 26 Wend. Rep. 541. A's between the parties to the mortgage, an assignment of the mortgage debt confers the mortgage title upon the assignee, and he must be regarded by the debtor as.the mortgagee, both at law and- in equity.
In Collins v, Torry, 7 J. Rep. 282, the Court said : “ We cannot now, with any justice - or consistency, say. that the in- { terést of the mortgagor is the real estate- at law, and yet that ‘it is not such'.estate when the' mortgagors widow comes to ask her dower of .the heir or grantee of her husband.” Judge Southard, in Montgomery v. Bruere, 1 Southard, 276, seems most thoroughly to have .understood and most -felicitously to have explained the American doctrine of mortgages.' I shall therefore quote liberally from his opinion.'
“ The great object of inquiry on, this subject is, where was ‘ the legal seizin of the land at the marriage ? in the mortgagor ‘ or mortgagee ? It is the legal seizin which is the object of ‘search, because'that, is subject to dower. . However strong ‘ may be the light in. which the estate of. ihe- mortgagor is ‘ viewed in the courts of equity, that light} although it may ‘ direct to'the reáson and justice of the claim, will not govern ‘ the decision of this Court; We'give dower -in lands, in which ‘ we find the legal seizin.. - But when that "seizin' is'- found, it' ‘ must be subject, to all legal consequences and incumbrances! ‘ We are not -to maintain it for one purpose and deny it for ‘. another:. to toss it backward, and .forward as may suit the ‘ convenience , bf the tenant, at one time giving him .all the ben- *681 * efits, at another freeing him from all the burdens necessarily £ flowing from a full title.
“ The seizin, if in the mortgagor before the mortgage was £ executed, must remain in him, or be transferred to the mort- £ gagee. It must be found somewhere. Is it in the mortgagee ?
££ Originally mortgages were feoffments, conveyances of land ‘ from debtor to creditor, with condition that if the money was ‘ not paid at the day appointed, the lands became absolutely 1 vested in the creditor freed from the condition. Lit. sec. 332. ‘ The strictest maxims of the common law respecting condic tions, were applied to them. Even a subsequent tender of £ the money did not avail the debtor: he lost the land, no mat- £ ter how high its value, or how small the sum which it was de- £ signed to secure. 5 Rep. 95, 114.
££ This was so obviously unjust, that courts of equity inter- ‘ fered, and courts of common law have aided in the establish- £ ment of different doctrines. Since the reign of James I. the- £ right of redemption has been fixed so that the mortgagee can ‘ in no way invade it, .even by incorporating an agreement in £ the deed itself. 1 Ver. 33, 190, 138, 488; 2 Rep in Ch. 221; ' 2 Ver. 520. Since that time, the mortgagee has had no cer- ‘ tain and absolute estate in the land until after foreclosure, and £ that is the- creation of a new. title, not the confirmation of an £ old one. 1 Atk. 603. Even if he recovers the possession by 1 entry, or by suit, he holds not for himself by title ;' he must £ account to the last farthing for the profits, and his possession £ may be at any moment, at the will of the mortgagor, terminae ted. 1 Vern. 476, 45; 2 Atk. 534. He cannot use it as £ his own: he will not be permitted to do waste. Cro. Jac. 172; '3 Atk. 728. He cannot sell or lease so as to bind the mortc gagor. 9 Mod. 1. He could not even bar him by fine or £ recovery, when they were in use. His estate is not at any £ time considered as real, but personal. 2 Ver. 401. It is a ‘ mere security, a mere charge on the land, and whatever £ gives the money gives all the estate he has for every purpose. 1 2 Burr 969.
*682 “ These doctrines, though principally established in equity, ‘ operate completely at common law. A mortgagee is there £ considered as a freeholder for no single purpose of office, of ‘ benefit, or of burden. He can hold no public office, he can ‘ exercise no public duty requiring an estate in lands. He £ cannot gain a settlement: his property is personal assets in £ settling his estate, if he devises it: it will not pass by the word ‘ land or real estate, nor is it necessary that his will be executed ‘ with the legal requisites to pass them. It is not subject to £ courtesy or dower, the necessary attendants upon legal estates £in lands. Even a transfer of the debt in any way terminates £ it. 2 Burr 969. It has not one single characteristic of a 1 legal estate. It is a mere security for the money, and a power c to gain possession of the land in order to make it. ReeVes ‘ D. R. 53. Shall we then say that the seizin is in the mort- ‘ gagee ? Because it was of old so determined, when all legal £ consequences of an estate followed it, shall we. so determine ‘ when not one legal consequence follows ? For the sake of an 1 adherence to an old doctrine, shall we break down every legal ‘ reason, doctrine and distinction ? I cannot doubt on this 1 point.
“ But again,— estates at common law. pass by livery of seizin, £ or what is equivalent thereto, and, when passed, can be re- £ stored to the grantor only by an act of equal validity. If, £ then, the execution of the mortgage transfers the estate, it can £ be restored only by some legal conveyance. This is the ne- £ cessary common law doctrine, and was adjudged and acted £ upon while the estate was considered as transferred to the £ mortgagee; Cro. Car. 190. But the mere payment of the £ money — the discharge of the bond in any mode ■— is now £ said' to re-invest the estate. Is there any principle for this, £ or any . other instance in which it was ever heard that a legal ‘ estate in lands could be passed by the mere payment of a sum £ of money, without livery and without deed ? Yet such is here ‘ the doctrine.
*683 “ Again, according to the well established rule of this day, a { wife cannot have dower in the estate or interest of the mort- ‘ gagee. If, therefore, dower be not given in the estate of the ‘ mortgagor, all lands mortgaged before marriage are free from * this claim. This is, then, a most easy contrivance to relieve £ all lands from dower, and it is time for us to expunge the as- ‘ sertion.that dower is favored in the law. We not only suffer £ it to be easily defeated, but we do not even give it the advant- * age of courtesy, a right surely not founded in equal reason.
“ It appears to me that there is no way of extricating our- ' selves from innumerable absurdities, but by deciding that the £ interest of the mortgagee is a mere incumbrance or security, £ and that the legal estate remains in the mortgagor; and if so, ‘ the consequence follows that the widow is entitled to her ' dower.
££ And is it not proper, according to the nature of the claim, £ and the analogy in other cases, that this should be so ? I think £ it is. The right to dower is acknowledged, on all hands, to £ be one founded on high legal, equitable and moral considera- £ tions, and ought not lightly to be evaded.” ,
Where the mortgage is held to be a lien at law as well as in equity — where it is held that a reconveyance by the mortgagee is unnecessary, and that he may transfer his interest otherwise than by deed, then it is held that the mortgagor is seized of an estate of inheritance, both before and after condition broken, and that his widow is entitled to dower, subject to the payment of the mortgage debt. As, however, the mortgagee has the legal right to the possession until he is satisfied, the doweress, cannot disturb him’ if he be in possession, but must first redeem the mortgage. A conveyance by the mortgagor, without his wife’s concurrence, will not affect her right, and it is immaterial whether the conveyance be to a stranger or to the mortgagee himself. If the mortgagee be in possession under his mortgage, an action at law for dower cannot be maintained, simply because the mortgagee has the legal right to the possession, and the remedy of the doweress is a bill to redeem. After the re *684 demptíon, a court of equity will apportion the debt between the doweress and the heir. . If the latter, or the husband’s grantee be in possession, the bill is filed for dower, and not for redemption, and. the mortgage debt is fairly apportioned. These various propositions are established by the following additional authorities, cited in argument: Coles v. Coles, 15 Johns. Rep. 319 ; Collins v. Torry, 7 Johns. Rep. 282; Harrison v. Eldridge, 2 Halst. Rep. 392; Barker v. Parker, 17 Mass. Rep. 564; Gibson v. Crehore, 5 Pick. Rep. 147; Van Dyne v. Thayre, 14 Wend. Rep. 236; Cooper v. Whitney, 3 Hill’s Rep. 96; Smith v. Eustace, 7 Greenl. Rep. 41; Bell v. Mayor of New York, 10 Paige’s Rep. 54, 68; 19 Wend. Rep. 162; 4 Kent’s Com. 44, 46, 47, 66, 195; 7 Greenl. Rep. 102; 7 Met. Rep. 157; 5 Johns. Ch. Rep. 482.
There is no good reason why a court-of law should not construe a mortgage deed to mean what a court of equity declares it to mean, and what every body understands it to mean, that is, a mere security for a. debt.
It is said the mortgagee must be the freeholder, because he can eject his debtor. Now the plaintiff in ejectment recovers upon a possessory right or title to the possession, and it Í3 conceded that the mortgagee is entitled to the possession; See 2 Cruise’s Dig. 105, note by American Editor. A pledgee of chattels may maintain an action of detinue, but it does not follow that he is the real owner, in legal contemplation. He is not so regarded ; Story on Bailment, sec. 307. If I pledge my house with my creditor to secure a debt, I remain the owner notwithstanding he have both the possession and the right to the possession united. Nor does the bill in equity to foreclose a mortgage of lands or a pledge of chattels proceed upon the assumption that the debtor has only an equitable right; on the contrary, the Court act upon the legal right to redeem and compel its exercise within a reasonable time on penalty of foreclosure. A majority of the Court say that Adbeel Coleman, after the condition broken, had but an equity which he could transfer by his own deed. If he had but an equity, he *685 could transfer it without a deed, and so could his assignee, and as the mortgagee could also transfer all his interest without a deed, the whole fee simple and inheritance might be conveyed, from time to time, without a deed, in defiance of the statute regulating the transfer of land. This is only one of the numerous absurdities flowing from the proposition that the mortgagee is the freeholder, and, yet, that he may transfer all his interest by a mere assignment of the debt. It is worthy of remark, that the assignment of the mortgage from Ferguson to .Wright was not by deed, but by mere memorandum on the mortgage. No sufficient reason can be assigned for a departure from the rule hitherto established, in this State, that the mortgagee does not hold a fee simple estate of inheritance. The rule is now abandoned for the sake of destroying the right to dower, which is acknowledged to be a right founded on high legal, equitable and moral considerations. Besides which, the breach of the rule destroys the symmetry of the whole structure of our law, and lets in inextricable confusion where order reigned before.
It is contended by defendants’ counsel, that a conveyance by the mortgagor ought to bar dower, because a foreclosure of the mortgage would have that effect. But it might as well be said that a conveyance by a judgment debtor would bar dower, because a judicial sale under a judgment rendered before marriage would have the same effect. The simple question is, at last, whether the legal estate of inheritance is in the mortgagee ? It is not in him, as we have seen, and, therefore, the mortgagor’s conveyance cannot bar her dower; nor will the conveyance of the sheriff, under a judgment rendered during the coverture, because the sheriff can only convey what the debtor could convey himself. 2 Halstead, 392.
There is a discrepancy in the opinion of a majority of the Court itself, which is quite remarkable. It affirms that the mortgagor is seized against the whole world except the mortgagee or his grantee. And yet we find that Coleman did not convey to the mortgagee nor his grantee, but to one having a *686 mere assignment of the debt. The Court, in order to defeat dower, must go the impossible length of holding to the different rule, viz: that the mortgagor is not seized, as against such assignee; also, because, I suppose, he is, after condition broken, the freeholder of the mortgaged premises. The proposition of the Court must be materially modified, because it is now discovered that the mortgagor is not seized as to all the world except the mortgagee; for, under that rule, the widow could claim dower against the grantee of the husband, and such grantee could not deny the seizin of the husband, and insist that it was in a third person — the mortgagee. But it is in vain to look for consistency in the doctrine now advanced by a marj.oity of the Court, or to endeavor to reconcile it with former decisions in this State or elsewhere. As to the expression commonly met with, that the mortgagor is the legal owner against all the world except the mortgagee, the meaning of that is, that although the mortgagee has the legal right to the possession, the mortgagor is, nevertheless, the owner, and no other person can set up the mortgage against him in a court of law. His action of ejectment cannot be defeated by proof that the possessory right is in the mortgagee, because that possessory right is qualified and of a peculiar character, unlike the absolute right to the possession for a term certain, which, if vested in a third person, would prevent the owner of the reversion from maintaining an action of ejectment against a trespasser. As against all the world, then, but the mortgagee, the mortgagor has a complete legal litle, but as against him, his title is not complete, because the mortgagee has the possessory right for the single purpose of making his debt.
With these views of the nature of Coleman’s estate in these premises* I need not inquire into the application of the clause of the dower act giving the widow dower out of the third part of the interest of the husband, at the time of his decease, in land “ held by bond, article, lease or other evidence of claim.” If the absolute owner of land is seized, then Coleman was *687 seized of the land, during the coverture, upon the well settled and sound American construction of a mortgage.
There is still another discrepancy in the opinion of the majority of the Court. It is assumed, that the mortgagee is not the freeholder until the condition has been broken, so that he may maintain an action of ejectment. Apply this doctrine to the present case, and the complainants are entitled to recover; for, after the marriage, an extension of credit was given on the mortgage debt. I presume that no action of ejectment could have been maintained, after this transaction, until a failure to pay interest, previous defaults, if any, having been maintained. The only proof of a previous default, is a recital in Coleman’s conveyance to Wright. Whether that is sufficient, or what is the legal presumption under the circumstances, I need not consider. Indeed, there is no end of anomalies under this decisison ; for, if the legal estate of inheritance ever become vested in the mortgagee at all, it must have become vested immediately upon the delivery of the mortgage, subject only to be divested on performance of the condition. This is the old common law doctrine of mortgages; but if we are to restore that doctrine, the mortgagor’s widow is never entitled to dower, no matter whether the marriage takes place before condition broken or after. “ The fee simple conditional ” is always a bar from the delivery of the mortgage. I do not understand that the Court are called upon by complainant’s solicitors to say that the effect of the arrangement between Coleman and Wright “ was such as to restore. the mortgagor to his legal estate.” They insist that Coleman, the mortgagor, was the freeholder at law and in equity, during the coverture, up to the time of the conveyance to Wright. They contend further, that the price of that conveyance was the mortgage money itself, thereby paid off, so that the claim of dower is not subject to any debt; but if it be so subject, they require the defendant, as owner of the inheritance, to bear his proportion according to the settled rules of equity. The bill is filed, as required by the statute,, *688 against the next estate of inheritance. The defendant is such owner by virtue of the conveyance from Coleman, and by no other means, for he does not claim under any legal conveyance by deed from Ferguson, the mortgagee. If there be any lien by judgment or mortgage, it may, under the statute, be set up in the suit for dower against the owner of the inheritance, and be made a charge upon the dower claim. It might be set up independent of any statute; but the express provision to that effect, in our statute, is useful here, as it assumes that the defendant may be the. owner of the inheritance, notwithstanding the existence of a mortgage on his estate, and actually provides for the apportionment of the mortgage debts, upon claim of dower; Swan’s Stat. 298, sec. 10. It has been said, that the female complainant has been “ compelled,” by her husband, to deny her “ solemn deed.” T am at a loss to conjecture upon what ground this remark has been made. There is no evidence, in my opinion, affording the least countenance to it. The deed from Coleman to Wright does not appear to have been understandingly executed by Mrs. Coleman, (now Mrs. Rand,) and we have no right to say that it was so executed and was her “solemn deed.”
I am clearly and decidedly of opinion that Adbeel Coleman was seized of an estate of inheritance during the coverture, and that his widow is entitled to dower.