T. A. Johnson, J.
The plaintiff’s proofs of the sale and foreclosure were all complete, except the affidavit of the person who officiated as auctioneer at the sale. That was not taken and certified by one of the officers prescribed by the statute authorizing the foreclosure of mortgages by advertisement, but was taken before the deputy clerk of the county where the papers were recorded, in the absence of the clerk. The deputy has all the powers of the clerk, in the latter’s absence, with certain exceptions, and may properly take any affidavit under such circumstances which the clerk could take himself. The county clerk is authorized by statute to take any oath or affidavit that is or may *460 be required by law, except, amongst other things, “such other oaths as are required by law to be taken before particular officers.” (2 R. S., 284, § 49.)
I do not deem it material, however, for the court in this case to decide whether the proceedings to foreclose the equity of redemption óf the mortgagor were valid or otherwise, because, whether they were or were not, the defendants’ title is not affected* by them, inasmuch as the judgment under which they purchased was older than the mortgage, and was not affected by it. If that judgment was a valid subsisting lieu at the time of the sheriff's sale, the defendants’ title is superior to any which could be obtained under or through the mortgage.
The plaintiff is in possession under a deed of warranty from the mortgagee, and it must be admitted that he has the title as against the mortgagee and his heirs, and all pea-sons claiming under the mortgagor subsequent to such mortgage; subject, however, to be defeated by the payment and satisfaction of the mortgage, by some one having the equity of redemption, in case the sale and foreclosure should be held to be incomplete and of no avail as a foreclosure. (Van Duyne v. Thayer, 14 Wend., 233; Phyfe v. Riley, 15 id., 248; Astor v. Hoyt, 5 id., 617; Jackson v. Bowen, 7 Cow., 13.)
It is claimed, on the part of the defendants, that before the plaintiff can maintain this action he must show a’com-* píete and perfect title to the premises, which is subject to no impeachment or defeasance from any quarter. No authority is cited to sustain this position, and I am not aware that any such rule has ever been applied to a case of this kind. It applies where a party claims title, and is seeking to recover possession. There, he must recover, if at all, on the strength of his own title; but here, the plaintiff is in possession under a title or claim of title, and it seems but reasonable that he should be permitted to • defend it, and to quiet it against the claims of all persons *461 who are strangers to the equity of redemption which it is alleged is still in existence, unaffected by the foreclosure proceedings.
Conceding, therefore, for the purposes of this case, that the plaintiff’s title is in no respect aided or strengthened by the attempt to foreclose, still, I am of opinion that this action may be maintained by the plaintiff against the defendants, if the sheriff’s deed, under which they claim, was void. This depends upon the question whether the judgment, on which the execution in the sheriff’s hands "was issued, was paid at the time of the sale by the sheriff. The judgment was the sole foundation of the sheriff’s power to sell and convey the premises, and if the judgment was paid when he undertook to sell and convey, his power was at an end, and all his acts were without authority and void. The purchaser under a power is chargeable with notice, if the power docs not exist, and purchases at his peril. The-justice before whom the cause was tried at the circuit, without a jury, found as matter of fact that, prior to the day on which the sheriff sold the premises, the judgment had been fully paid and satisfied. Admitting, however, that the question of the payment of the judgment is a question of law, upon the undisputed facts of the case, it was, I think, properly determined at the circuit. The note which was taken as collateral security to the judgment was for the full amount of the judgment, damages and costs, and, of course, is to be presumed to have included the usual prospective costs of the attorney. This note was prosecuted to judgment, and the judgment upon it collected by execution before the sheriff’s sale under whieh the defendants claim. Nothing can be clearer, I apprehend, than that this operated as a payment and satisfaction of the principal debt, both in fact and in law, in whatever form it existed.
It is claimed by the defendants’ counsel that additional attorneys’ fees and costs had been made by-the issuing of the execution upon the first judgment, and that the sheriff had *462 become entitled to fees, and that a sale might lawfully be made to collect such costs and fees even if the judgment was paid. The execution was issued after the note as col lateral security was taken, and before the judgment on such note had been collected. There is nothing in the evidence however, to show that the sale was made for the purpose of collecting the attorneys’ or sheriff’s fees. All that is made to appear on that subject is the direction to the sheriff indorsed" upon the execution, by which he is directed to levy the whole amount of the judgment, with interest, and his fees'; and that the premises in question and another parcel of real estate were struck off to James D. Merrill, the highest bidder, for $34.31. Of this sum it appears that the sheriff paid to one of the plaintiff’s attorneys $17, in full of the plaintiff’s costs in the action. These costs, it is very clear, were included in the note, and had been collected when the judgment upon such note was- enforced. As to the sheriff’s fees they are - no part of the judgment, and if the judgment is paid it cannot be enforced merely to collect such fees. They became a charge in favor of the sheriff against the party in whose favor the execution is issued, or bis attorney, unless, indeed, they are insolvent, and there has been collusion between them and the defendant to deprive 'the sheriff of his fees. This was held in Jackson v. Anderson (4 Wend., 474). In no case can an execution be used to collect extra or additional attorneys’ fees, which are not included in the judgment. It follows that the sheriff’s sale was wholly without, authority, and his deed a nullity, and that the defendants have no valid title or claim to the premises. In this view of the case the error in admitting the affidavit of the auctioneer and the parol evidence of the sale is of no consequence, as it could by no possibility have prejudiced the defendants.
The judgment of the supreme court should therefore be affirmed.
*463 Denio, C. J.
The payment of the amount of the recovery against Chase and Hillyard, with the interest, and the receipt of that amount by the attorneys for tire plaintiff in the judgment, without any objection on account of sheriff’s fees being unpaid, was an extinguishment of the judgment, and no effectual sale of the real estate of the judgment debtors on the execution could thereafter be made. (Wood v. Colvin, 2 Hill, 566, and, cases cited.) The defendants’ counsel maintains that the sheriff had a right to sell for his fees. It is said that he- had made a levy and had incurred expenses in advertising before the payment was made; but the fees of the sheriff are no part of the judgment, but only an incident to it. The authority to sell is the judgment, and when that is discharged the power ceases. It was "said on 'the argument that in this way the judgment debtor who had resisted payment until the levy of an execution might get rid of a part of the legal expenses which his default had rendered necessary; but the plaintiff or his attorney has only to refuse the payment offered until the expenses are also paid, and then the remedy for these expenses will not be lost. In this case, the note was given for the precise amount of the recovery and the interest; and when paid or collected it satisfied the judgment. The principle is somewhat analogous to the rule that interest, which would otherwise be recoverable as damages, cannot be claimed after receiving the principal, without objection. (Fake v. Eddy’s Executor, 15 Wend., 76, and cases cited by the chancellor.)
Assuming, then, that the sale was without authority and void, a suitable case was presented for a judgment establishing the plaintiff’s rights in respect to the title claimed to be derived under the sale, provided the plaintiff was in other respects so situated as to entitle him to this remedy. It must be assumed that the foreclosure proceeding under which he claimed was ineffectual. It was conceded on the trial, and on the argument before us, that the deputy cleric *464 was not authorized to take the affidavit of the auctioneer who conducted the sale on the mortgage. It was settled, in Arnot v. McClure (4 Denio, 41), that the affidavits mentioned in the statute are essential to a foreclosure, where the mortgagee is the purchaser; that where there is no conveyance under the foreclosure, the affidavits must be made, or the attempt to purchase is a nullity.
The single question then remains, whether the plaintiff, being in possession under color of a foreclosure, and having a conveyance from the mortgagee with a covenant ' of warranty, can sustain a suit like the present against a party having a paper title apparently good, but having, in fact, no right whatever. I am of opinion that he can. The object of the action is not to vindicate the plaintiff’s right against the mortgagor, or his heirs or grantees. The facts being shown, it is clear the defendants are not connected with the mortgagor. They derived no right from or under him, but are strangers to him and his title. They claim to be the owners of the land; but that claim is with out foundation, and the assertion of it is a wrong which operates to the prejudice of the plaintiff, whether he has a perfect title or is only a mortgagee in possession. It seems to me to be no answer to say that there are other parties who can successfuly contest the plaintiff’s title. It may be that such parties will acquiesce, as they have hitherto done; whether they do or not is a matter of no interest to the defendants. It is immaterial to them whether the mortgage has been foreclosed or not. In neither event have they any claim to the land. The plaintiff has all the rights which Tousley the mortgagee had, and is in possession. He has a good title against all the world, except the mortgagor and his representatives; and as against them, the mortgage being forfeited, he has a right to the possession until the mortgage debt is paid. If his title is liable to be redeemed by the representatives of the mortgagor, it is not subject to challenge by the defendants.
*465 I think, -therefore, that the supreme court was right in the judgment it has given, and that judgment should be affirmed.
All the judges concurred.
Judgment affirmed.