By the Court.— Monell, Ch. J.
The only fact found by the court to support the plaintiff’s title, is the trust deed executed in August, 1840. No finding was made in respect to the will of the grantor, executed in the same year devising the premises to the plaintiff.
It may be doubtful whether the plaintiff’s title can be sustained under the deed alone. A presumption of the execution and satisfaction of the trust, arising from lapse of time (Doe v. Staple, 2 T. R. 684 ; Laws 1875, chap. 545) would under the statute (1 R. S. 730, § 67) terminate the estate of the trustee, and reinvest it in the grantor, his heirs, and assigns. It does not appear that the plaintiff ever took or was in possession of the premises, either under the trust deed or otherwise ; and more than thirty years have elapsed since the deed was delivered. This would be sufficient to raise the presumption that the purposes of the trust have been executed ; and by operation of law the estate would revert to the grantor.
It is not, however, necessary, I think, to determine that question, as the plaintiff’s title can be upheld in another way.
*98 The will of Samuel A. Porter, which took effect in 1841, devising his estate to the plaintiff, was received in evidence without objection ; and if we are permitted to look beyond the findings for evidence to sustain the judgment, the will is sufficient for the purpose.
In Chubbuck v. Vernam (42 N. Y. 432) the court says, “ A party seeking to uphold the report of a referee is entitled to the benefit, not only of the facts actually found by the referee ; but also, if necessary to sustain the conclusions of law found by the referee, to all such facts as the evidence tended to prove, and as the referee might have found in his favor.” In that case the court was not furnished with the evidence, and so far as it holds that' in such a case it was proper •to assume that there was evidence sufficient to sustain the finding of fact, it has been overruled by Stoddard v. Whiting (46 N. Y. 627).
But the last case does not interfere with the main proposition, that where the evidence is before the court it maybe looked at and used to support the conclusions of law.
However the rule may possibly be in respect to the powers of the court of appeals where the decisions cited were made, it is clear that this court at general term is not restricted to the facts as found below, but may look at all the evidence furnished in the case. This was in effect, I think, so held in Valentine v. Conner (40 N. Y. 248) where the court say (p. 252) “ that court—i. e., the general term—were not restricted to the facts found, but were authorized to examine the testimony, and reverse on the ground that it did not sustain those facts.” If the evidence can be resorted to to reverse, a fortiori, it should be resorted to to sustain a judgment.
Judge Grover, in a concurring opinion, in the case last cited, says, “It has been repeatedly held by that court that it will be presumed in support of the judg *99 ment of the referee, that he found such facts, in addition to those specified in his report, as essential to sustain the judgment, provided there was evidence given to warrant the finding of such additional facts.”
Looking, therefore, into the evidence, as I think we have a right to, we find that by the will of Samuel A. Porter, which took effect some five years after the date and delivery of the trust deed, he devised to the plaintiff all the interest in the premises that remained in the testator. The deed had conveyed the premises upon certain trusts, with a reversion to the grantor upon the execution of the trusts. Such reversionary interest passed to the plaintiff under the will, and merged the whole estate in him. The statute provides (1 R. S. 729, § 61) that a conveyance in trust shall not prevent the granting or devising the same lands, subject to the execution of the trust. And the grantee or devisee shall have a legal estate in the lands as against all persons, except the trustee and those lawfully claiming under him. Here, the trustee and devisee being the same person, the devise was of the whole legal estate to the plaintiff, subject only to the execution of the trust, if it remained unexecuted.
If, therefore, as has been suggested, the purposes of the trust are to be presumed to have been executed, then the devise took effect, and the legal estate was vested in the plaintiff under the will, discharged of the trust estate.
In the event, therefore, of the failure of the plaintiff’s title under the trust deed, he is amply fortified under the devise ; and the undisputed fact of the will, as proved, will sustain the conclusion of law, that at the time of the commencement of the action the plaintiff was the owner in fee of the premises.
It is objected by the defendant that the action is not properly brought against him, he not being the *100 actual occupant; that it should have been brought against Ann McGrath, his wife.
The statute provides that if the premises are “ actually occupied,” such “actual occupant” shall be named as defendant.
The fact, as found by the court, is, that in “October, 1865, the defendant entered into the occupation of the premises, and ever since ^occupied the same.” And as a conclusion of law, “ that the premises were ‘ actually occupied ’ by the defendant, and he was the ‘actual occupant’ thereof.”
The evidence establishes these facts :
That prior to the delivery of the trust deed, Porter mortgaged the premises to Potter and McGown. In 1842 they assigned the mortgage to one Yoorhies, who in 1872 assigned it to Mary bT. Townshend. In 1865 one Chandler took possession of the premises, they being then vacant and unoccupied, and erected a dwelling-house ; and in the same year conveyed to Ann McGrath, the defendant’s wife, in fee, who paid the consideration out of her own money. At about the same time, John Townshend, the husband of Mary bT. Townshend, leased in his own name, but as he testified, as the agent of his wife, the premises to Ann McGrath, for a term of years. Ann McGrath and her husband, the defendant, lived together in the house on the premises.
The conveyance and lease to Ann McGrath, if they established any title, established it in her, and not in her husband. Under the laws of this State she could take and hold real or personal property as her separate estate, and is entitled to its rents, issues, and profits (Laws 1849, chap. 375).
Ann McGrath, therefore, was at the commencement of the action in possession under color of title, claiming to be the owner, and was the proper party to be made defendant, unless the joint occupancy with her *101 husband, or the marital relation, made him the “ actual occupant” within the meaning and intent of the statute ; and that would be a good defense, unless the defendant by his acts and declarations is estopped from claiming that he was not in actual possession. Upou no other principle can the finding of the learned judge be sustained.
The action is to recover possession, and hence the necessity of proceeding against the person in the actual possession, against whom alone the writ of possession would be effectual. And as the occupant is liable for the rents and profits, the defendant had a right to defend, on the ground that he was not the actual occupant, and not liable for the rents and profits.
The right of a married woman to hold real property draws to it the right of possession, as in other cases, and she can hold both the title and the possession, and the rents and the profits, as her separate estate. She could have made her husband her tenant, or she could have put him in actual and exclusive possession, or she might have created a joint occupancy with herself. Bat either of these several relations would have to be established ; otherwise she, holding the legal title and being actually upon the premises, is to be presumed to be in the actual occupation.
The mere fact that McGrath resided in the dwelling-house with his wife, did not of itself, necessarily, make him, in contemplation of law, either the sole occupant, or a joint occupant with her. She might lawfully and properly permit him to reside there, without parting with her estate, or with her right to the rents and profits ; and without giving up her own occupancy. And if there was no conventional relation between the defendant and his wife which would give him the right to hold possession, then his mere marital relations would not be sufficient to make him the actual occupant within the meaning of the statute.
*102 Shaver v. McGraw (12 Wend. 558) illustrates the meaning of the statute as to actual occupancy. The defendant was found working on a farm, there being no other occupant. But it appeared that he was hired by the person claiming ownership, and the court say, the possession by a servant claiming no beneficial interest, was not an actual occupancy by him.
The complete-disseverance of husband and wife, in respect to her separate estate, and his former common law right over if, is indicated in the following cases :
In Allen v. Cowan (23 N. Y. 502), it is held that the wife’s personal property in a house occupied by the husband and wife, is to be deemed in the possession of the wife.
In Rowe v. Smith (45 N. Y. 230), the husband and wife resided together upon the wife’s land, the horses, cattle, and other personal property, being used in connection with the real estate for the support of the family. The action was against the wife for a trespass by the cattle, and she claimed that her husband and not herself was liable. But the court held that the action would lie against her by force of the statute, separating her estate and all its incidents from her husband.
In Fiske v. Bailey (51 N. Y. 150), the action was against the husband, and the case was decided upon the admissions in the answer. But the court say that a husband and wife domiciled upon the separate property of the wife does not, of itself, give him any legal control over the premises, nor render him liable for injuries caused by negligently leaving a pit open.
A married woman may also maintain actions in • respect to her separate estate, and may even bring one against her husband to recover possession of her real property (Minier v. Minier, 4 Lans. 421).
A case in Michigan (Snyder v. The People, 26 Mich. 106 ; S. C., 12 Am. R. 302) is claimed to establish the *103 unity of possession by husband and wife. The husband and wife resided together in the wife’s dwelling-house. Upon an indictment of the husband for arson in burning his wife’s house, it was held that although the property was hers alone, the residence was equally his—the estate was in her, but the dwelling-house, the domus, was in both. The crime of arson by the statute of Michigan is the burning the dwelling of another. So that no conviction under that statute can be had, if the person charged was dwelling in the building, even though the dwelling therein was wrongful. It was enough, therefore, for that case, that the defendant was, when he committed the act, dwelling in the house. But the court says he was rightfully there. How, it does not appear, as the statute in respect to the rights of married women is not stated in the report of the case.
I have examined this question with some care, not that it was necessary to the decision of the case, which, as will be seen, turns upon another and different point, but because of its important bearing upon the construction of the married woman’s act; and for the purpose of illustrating its effect upon the respective rights of husband and wife in respect to the separate estate of the latter, and my conclusion is, that the evidence in this case establishes such an actual occupancy of the premises by Ann McGrath, as would defeat a recovery, if the defendant had not estopped himself by his own acts and declarations.
The complaint alleges that the defendant is in possession, and unlawfully withholds the same from the plaintiff. The defendant, after a general denial and setting upon several defenses, claims to hold under the mortgage to Potter and McGown, which he claims is unpaid, and then avers that “the said supposed possession of the premises by the defendant in the *104 complaint alleged, is a possession by virtue of and under color and authority of “that mortgage,” and not otherwise.
This admission by the defendant of a possession under an adverse title, is enough, it seems to me, to close the door against him, and, taken by itself, is enough to answer the statute. But when taken in connection with his declarations proved on the trial, and the admissions of Ann McGrath, the finding of the court that John McGrath was the actual occupant is fully sustained.
In Fiske v. Bailey (ubi sup.) the action was for injuries caused by falling into an open pit upon the land of the defendant’s wife, upon which they resided ; and to the allegation that he was the “keeper of a public house” thereon, he by his answer denied that he was the keeper of a public house, and the court held that the defendant was concluded by his admission upon the record, and that he could not avail himself of the fact that his wife was the owner of the land, and therefore she and not himself was liable for the injury complained of.
The objection to Ann McGrath’s declarations was, that it was proving a conversation in the absence of her husband. But the object was to contradict her evidence at the trial, after a sufficient foundation had been laid. For that purpose the evidence was proper.
The plaintiff, having shown a legal title in himself, is presumed to have been in possession within the time required by law, no adverse possession for twenty years having been shown (Code, § 81).
The actual possession which the defendant claims to have, commenced only as far back as the year 1865, or, as Chandler, who took possession of the vacant lots, testified,- in 1867, and does not therefore establish an adverse possession ; and the possession under color of title goes no farther back.
*105 One of the other defenses is, that the defendant is in possession under Mary N. Townshend, who claims under the Potter' and McGown mortgage.
As that mortgage was older than the plaintiff’s title, and was proven to have been unpaid, a possession under it would be a defense to the plaintiff’s action. An action of ejectment can not be maintained against a mortgagee in possession (Van Duyne v. Thayre, 14 Wend. 233 ; Phyfe v. Riley, 15 Id. 248 ; Randall v. Raab, 2 Abb. 307 ; St. John v. Bumpstead, 17 Barb. 100).
By regular assignments the mortgage was transferred, and came into the possession and ownership of Mary E. Townshend, under whom it is now claimed the defendant holds.
In examining the question now under consideration, it may be assumed that the defendant holds in some way under Ann McGrath, his wife, who is alleged to be the tenant of Mary E. Townshend.
The proof shows that in October, 1865, a lease of the premises for ten years was executed between John Townshend of the first part, and Ann McGrath of the second part. The lease was not under seal. And the tenant has continued to pay rent during the intervening time.
To connect Ann McGrath with the Potter and McGown mortgage, and to make her possession a possession under it, John Townshend testified that the lease to Ann McGrath was made by him “as the attorney and agent of Mary E. Townshend,” who, he says, at that time claimed to own the lots.
But the McGrath lease was in 1865, and the assignment of the Potter and McGown mortgage to Mrs. ■ Townshend was not until December 17, 1872. And it does not appear that prior to the last date, Mrs. Townshend had any title to or interest in the premises. A mere verbal claim of title would not be sufficient, *106 unless accompanied by some act of ownership. Ho adverse possession unless for twenty years could be founded upon it, and even a possession under such a claim would be that of a mere squatter.
The court did not find as a fact that John Townshend, in executing the lease, acted as the attorney and agent of Mrs. Townshend ; or thát she at the time claimed to own the lots. The finding is that he so testified.
It is, however, sufficient to give the defendant the benefit of the fact.
It was competent, I think, for the defendant to show by parol, that a lease, not under seal, executed in his own name as lessor, was in fact the lease of Mrs. Townshend, he acting as her attorney and agent. The following cases sustain such a proposition : Lynde v. Staats, 1 N. Y. Leg. Obs. 89 ; Union Rubber Co. v. Tomlinson, 1 E. D. Smith, 365; Ide v. Sadler, 18 Barb. 32 ; Briggs v. Partridge, 39 Sup. Ct. R. 339.
The difficulty in giving the defendant any benefit from the evidence, however, is, that even if it was the lease of Mrs. Townshend, the possession under it was not a possession under the Potter and McG-own mortgage. The assignment to her was long after-, wards, and does not relate back, so as to make the letting by her an act of possession under the mortgage.
Besides, the action is not against Mrs. Townshend’s tenant; and the defendant made no claim on the trial that he held under such tenant. He denied holding at all, and insisted he was not in the actual possession of the premises.
Upon the whole, the defendant failed to make out any defense, and the judgment for. the plaintiff was correct.
Judgment affirmed.
Sedgwick, J., concurred.