[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 458 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 459 
The plaintiff's proofs of the sale and foreclosure were all complete, except the affidavit of the person who officiated as auctioneer at the sale. That was not taken and certified by one of the officers prescribed by the statute authorizing the foreclosure of mortgages by advertisement, but was taken before the deputy clerk of the county where the papers were recorded, in the absence of the clerk. The deputy has all the powers of the clerk, in the latter's absence, with certain exceptions, and may properly take any affidavit under such circumstances which the clerk could take himself. The county clerk is authorized by statute to take any oath or affidavit that is or may *Page 460 
be required by law, except, amongst other things, "such other oaths as are required by law to be taken before particular officers." (2 R.S., 284, § 49.)
I do not deem it material, however, for the court in this case to decide whether the proceedings to foreclose the equity of redemption of the mortgagor were valid or otherwise, because, whether they were or were not, the defendants' title is not affected by them, inasmuch as the judgment under which they purchased was older than the mortgage, and was not affected by it. If that judgment was a valid subsisting lien at the time of the sheriff's sale, the defendants' title is superior to any which could be obtained under or through the mortgage.
The plaintiff is in possession under a deed of warranty from the mortgagee, and it must be admitted that he has the title as against the mortgagee and his heirs, and all persons claiming under the mortgagor subsequent to such mortgage; subject, however, to be defeated by the payment and satisfaction of the mortgage, by some one having the equity of redemption, in case the sale and foreclosure should be held to be incomplete and of no avail as a foreclosure. (Van Duyne v. Thayer, 14 Wend.,
233; Phyfe v. Riley, 15 id., 248; Astor v. Hoyt, 5id., 617; Jackson v. Bowen, 7 Cow., 13.)
It is claimed, on the part of the defendants, that before the plaintiff can maintain this action he must show a complete and perfect title to the premises, which is subject to no impeachment or defeasance from any quarter. No authority is cited to sustain this position, and I am not aware that any such rule has ever been applied to a case of this kind. It applies where a party claims title, and is seeking to recover possession. There, he must recover, if at all, on the strength of his own title; but here, the plaintiff is in possession under a title or claim of title, and it seems but reasonable that he should be permitted to defend it, and to quiet it against the claims of all persons *Page 461 
who are strangers to the equity of redemption which it is alleged is still in existence, unaffected by the foreclosure proceedings.
Conceding, therefore, for the purposes of this case, that the plaintiff's title is in no respect aided or strengthened by the attempt to foreclose, still, I am of opinion that this action may be maintained by the plaintiff against the defendants, if the sheriff's deed, under which they claim, was void. This depends upon the question whether the judgment, on which the execution in the sheriff's hands was issued, was paid at the time of the sale by the sheriff. The judgment was the sole foundation of the sheriff's power to sell and convey the premises, and if the judgment was paid when he undertook to sell and convey, his power was at an end, and all his acts were without authority and void. The purchaser under a power is chargeable with notice, if the power does not exist, and purchases at his peril. The justice before whom the cause was tried at the circuit, without a jury, found as matter of fact that, prior to the day on which the sheriff sold the premises, the judgment had been fully paid and satisfied. Admitting, however, that the question of the payment of the judgment is a question of law, upon the undisputed facts of the case, it was, I think, properly determined at the circuit. The note which was taken as collateral security to the judgment was for the full amount of the judgment, damages and costs, and, of course, is to be presumed to have included the usual prospective costs of the attorney. This note was prosecuted to judgment, and the judgment upon it collected by execution before the sheriff's sale under which the defendants claim. Nothing can be clearer, I apprehend, than that this operated as a payment and satisfaction of the principal debt, both in fact and in law, in whatever form it existed.
It is claimed by the defendants' counsel that additional attorneys' fees and costs had been made by the issuing of the execution upon the first judgment, and that the sheriff had *Page 462 
become entitled to fees, and that a sale might lawfully be made to collect such costs and fees even if the judgment was paid. The execution was issued after the note as collateral security was taken, and before the judgment on such note had been collected. There is nothing in the evidence however, to show that the sale was made for the purpose of collecting the attorneys' or sheriff's fees. All that is made to appear on that subject is the direction to the sheriff indorsed upon the execution, by which he is directed to levy the whole amount of the judgment, with interest, and his fees; and that the premises in question and another parcel of real estate were struck off to James D. Merrill the highest bidder, for $34.31. Of this sum it appears that the sheriff paid to one of the plaintiff's attorneys $17, in full of the plaintiff's costs in the action. These costs, it is very clear, were included in the note, and had been collected when the judgment upon such note was enforced. As to the sheriff's fees they are no part of the judgment, and if the judgment is paid it cannot be enforced merely to collect such fees. They became a charge in favor of the sheriff against the party in whose favor the execution is issued, or his attorney, unless, indeed, they are insolvent, and there has been collusion between them and the defendant to deprive the sheriff of his fees. This was held inJackson v. Anderson (4 Wend., 474). In no case can an execution be used to collect extra or additional attorneys' fees, which are not included in the judgment. It follows that the sheriff's sale was wholly without authority, and his deed a nullity, and that the defendants have no valid title or claim to the premises. In this view of the case the error in admitting the affidavit of the auctioneer and the parol evidence of the sale is of no consequence, as it could by no possibility have prejudiced the defendants.
The judgment of the supreme court should therefore be affirmed. *Page 463