## Case No. 9,866.
### MORTON v. ROOT.
[2 Dill. 312.] [1]

Circuit Court, D. Nebraska. 1873.

EQUITY—CLOUD UPON TITLE—ADEQUATE REMEDY AT LAW—VOID SALE UNDER EXECUTION—DESCRIPTION OF LAND.

1. Equity has jurisdiction to remove a cloud upon the title to real estate where there is no adequate remedy at law.

2. A sale under an execution issued upon a judgment in which the land sold had not been attached, and where there was no service upon the defendant except by publication, is void.

[Cited in Levy v. Ferguson Lumber Co., 51 Ark. 317, 11 S. W. 286.]

3. In the description of a tract of land, an omission to state the course in one call, held to be supplied and rendered certain by the remainder of the description.

[Cited in Campbell v. Carruth (Fla.) 13 South. 433.]

This is a bill in equity to settle the title to certain real estate. The plaintiff in the bill alleges title in himself, derived as follows: 1. On the 27th of June, 1865, he sued Pierce in attachment in the district court of the then territory of Nebraska, for Douglas county, the writ of attachment issuing and being levied on the premises in question. 2. At the October term, 1865, judgment was entered, and also an order to sell the said lands and premises for the satisfaction of the said judgment. 3. On the 16th of May,

1868, an order of sale was issued commanding the sheriff to sell the said lands. 4. In pursuance thereof he, on the 29th of June, 1868, sold the premises to the plaintiff. 5. At the July term, 1868, the sale was confirmed by the court. 6. On the 15th day of April, 1869, the sheriff made the deed to the plaintiff. To show an adverse claim of the defendant the bill alleges that one Glass sued Pierce in attachment; that the writ was levied on property other than that here in question, and not upon the same; that Pierce was not served therein and did not appear thereto; that after the attached property was exhausted, a general execution was issued and the premises in question sold to Glass, who conveyed to the defendant. On the 2d of July, 1866, a deed, dated December 10, 1864, from Glass to Root, of said premises, was put upon the records of Douglas county. The defendant answers these allegations, saying that he believes them to be true, but the decree was void because it described no premises. To support the equity jurisdiction, the plaintiff alleges that the defendant is not in possession of the premises. This the defendant denies, and alleges that at the time when this bill was filed he was, and ever since has been, and now is, in the actual possession, under the deed from Glass, dated and recorded as above stated. The answer puts in issue the validity of the plaintiff's alleged title. The cause was submitted to the court upon proofs taken by the respective parties.

J. M. Woolworth, for complainant.
B. E. B. Kennedy, for defendant.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. The first question to be settled is the jurisdiction of the court. This is conceded in the arguments to depend upon the fact whether the defendant was at the time the suit was commenced in actual possession. If in possession, no reason is stated in the bill why the respective rights of the parties could not be determined in ejectment. The bill in this case was filed August 27, 1870. We find, upon a careful reading of the evidence, that no fences or permanent improvements of any kind have ever been made upon the premises; the acre and a half of potatoes were raised in 1871, and the weight of the evidence shows that the clearing off of the small quantity of land was in the fall of 1870, which would be after suit was commenced. Upon the proofs in this cause, the plaintiff could not have established possession in the defendant at the time this suit was brought; and the court has jurisdiction to determine the respective rights of the parties.

Both parties claim title under judicial sales against Pierce. The sale under which the defendant derives his right was void for the want of a valid judgment and execution Ju-

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

risdiction over the person or property is absolutely essential to a valid judgment, and as the property here in question was not attached, and as the judgment against Pierce was rendered upon constructive service by publication, there was no authority whatever to levy upon and sell this land.

This point is clear, and has not been contested by defendant's counsel in argument, but he has relied on the insufficiency or weakness of the plaintiff's title. We proceed briefly to notice his objections to this title.

It is urged that the court which rendered the plaintiff's judgment (under which judgment the plaintiff claims title), had no jurisdiction of the land in question. Although a portion of the papers in that action have been lost, yet the entries on the appearance docket, the order of sale, the return endorsed thereon, the appraisement, the notice of sale, the execution, the sheriff's deed to the plaintiff, all of which are produced, show that this objection is without foundation in fact.

It is also objected that the plaintiff's deed from the sheriff is void, because it and the precedent proceedings which it follows do not describe the land with sufficient certainty. The description is as follows: "Beginning at the northwest corner of section 28, thence south eight chains and five links, thence south eighty-five degrees, twenty chains and ten links, thence north nine chains and seventy links, west twenty chains, to the place of beginning, in township 15, range 13, east of the sixth P. M."

The only defect pointed out is the omission of the word east in the second call in the description. But the testimony of the two surveyors examined as witnesses satisfactorily shows that this omission is easily supplied by the data afforded by the description as a whole. The only uncertainty is whether the second course is eighty-five degrees east or west. As the last course is "west to the place of beginning," it is obvious that the course on the corresponding line on the south must be east. The testimony of Surveyor Wiltse puts this in a clear light. He says, "The description is defective in this, that in the second course from the place of beginning, the letter 'E' is omitted, running east. To determine whether it is east or west, I return to the place of beginning and reverse the courses and distances, until I arrive at the corner upon which this defective course must close, and I find that to close the survey, or retrace the boundary, the course must be south eighty-five degrees, east twenty chains and ten links." And to same effect is the evidence of George Smith, the only other surveyor examined to the point. The description is just as certain as if the word "east" had been inserted. The result is that the plaintiff is clearly the owner of the land in question, and is entitled to the relief prayed, which is to remove the cloud upon his title, and not for possession. Decree accordingly.

As to jurisdiction: Morton v. Smith [Case No. 9,867]. As to right to relief to remove cloud upon title to land: Bunce v. Gallagher [Id. 2,-183]; Craft v. Merrill, 14 N. Y. 456.