### ADIRONDACK LEAGUE CLUB v. KEYES.

(Supreme Court, Appellate Division, Fourth Department. November 20, 1907.)

TAXATION—TAX DEEDS—CONCLUSIVENESSS—STATUTES—LIMITATION.

Gen. Laws 1896, c. 24, in force June 15, 1896, Laws 1896, p. 841, c. 908, § 131, provides that a tax deed shall be presumptive evidence that the sale and all prior proceedings, etc., were regular, and that after two years from the date of such conveyance such presumption shall be conclusive. Section 132 declares that every such conveyance "heretofore" executed, which has been recorded for two years, shall be conclusive evidence that the sale and proceedings prior, etc., were regular; but all such conveyances shall be subject to cancellation for any defect affecting the jurisdiction on constitutional grounds, by application to the Comptroller or by action, provided that such application shall be made or action brought in case of all sales "hereafter held" within five years from the expiration of the period of redemption, which section 127 (page 838) fixes as one year after the sale. *Held*, that section 131 is not limited to unrecorded conveyances and section 132 to recorded conveyances, but that both sections are to be so construed as to render tax deeds nonconclusive evidence in actions or proceedings brought to cancel them within five years after expiration of the redemption period for one or more of the reasons specified in section 132, under the rule that statutes apparently contradictory must be so construed, if possible, as to harmonize them and render both effective.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 1557.]

Appeal from Special Term, Herkimer County.

Action by the Adirondack League Club against Marquis L. Keyes. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Snyder, Christman & Earl, for appellant.
Griffin & Ostrander, for respondent.

WILLIAMS, J. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action was brought to procure the cancellation of a tax deed and the record thereof. At the trial, before any evidence was given, except the date of the commencement of the action, a motion was made by defendant for a dismissal of the complaint upon the pleadings, on the ground that the action was not brought within the time prescribed by law, and was barred by the statute of limitations under section 131, c. 908, p. 841, Laws of 1896, and the acts supplemental thereto and amendatory thereof. The court granted the motion. The deed in question was given by the Comptroller of the state of New York, March 6, 1903, and was recorded April 1, 1903, and was based upon a sale in December, 1900, for a tax of 1898. The action was commenced March 22, 1905. The court held that section 131 of the act applied, and was a statute of limitations, and the action, not having been commenced within two years after the deed was given, was barred by that section. The plaintiff claimed the action might be brought within two years after the record of the deed, or five years after the expiration of the time for redemption under section 132 of the act, which was applicable to this case.

The only question involved here is whether, upon the facts stated in the complaint, section 131 or section 132 is applicable. The provisions of these two sections, so far as the questions here involved are concerned, were enacted in 1896, to take effect June 15th of that year, constituting chapter 24 of General Laws. Section 131 provides in brief that the deed—

"shall be presumptive evidence that the sale and all proceedings prior thereto, from and including the assessment of land sold, and that all notice required by law to be given, previous to the expiration of the time allowed by law for the redemption thereof, were regular and in accordance with all the provisions of law relating thereto. After two years from the date of such conveyance, such presumption shall be conclusive."

Section 132 provided in brief that:

"Every such conveyance heretofore executed by the Comptroller * * * which have for two years been recorded * * * shall be conclusive evidence that the sale and proceedings prior thereto, from and including the assessment of the lands, and all notices required by law to be given previous to the expiration of the time allowed for redemption were regular and were regularly given, published and served according to the provisions of all laws directing and requiring the same, or in any manner relating thereto, but all such conveyances * * * and the taxes and tax sales on which they are based, shall be subject to cancellation by reason of the payment of such taxes or by reason of the levying of such taxes, by a town or ward, having no legal rights to assess the land, on which they are laid, or by reason of any defect in the proceedings affecting the jurisdiction on constitutional grounds on direct application to the Comptroller, or in an action brought before a competent court therefor, provided however that such application shall be made, or such action brought in the case of * * * the sale of 1895, and of all sales hereafter held * * * within five years from the expiration of the period allowed by law for the redemption of lands sold at the particular sale sought to be canceled."

Such redemption may be made within one year after the sale under section 127. Redemption under this sale, which was in December, 1900, might have been made in December, 1901, and this action was begun in March, 1905, which was within five years thereafter. So that, if this section 132 was applicable here, the statute of limitations was not a defense, provided the action was brought for one of the reasons for which, under this section, the action could be maintained. The action was also brought within two years after the record of the deed; the record having been in April, 1903, and the action brought in March, 1905. So that under this section 132, if applicable, this deed had not become conclusive evidence of the facts stated in the section when the action was brought.

We think these two sections should be read together. If the latter section is to be given a literal construction, it related only to conveyances executed prior to June 15, 1896, when the act took effect, thus depriving the plaintiff here of the claim that this deed had not become conclusive evidence of the facts stated when the action was begun, and also of the right to maintain the action for cancellation of the deed for the reason specified in the section, within five years after the period allowed for redemption had expired. Such a construction, however, would render this latter provision practically inoperative and of no effect, because there could not be a conveyance executed prior to June 15, 1896, upon a sale made after that time. The conveyance could only be executed some time after the sale had been held. Whatever may be said as to the provision relating to conclusive evidence in section 132, even if that provision was intended to relate only to conveyances executed prior to June 15, 1896, it seems quite clear that the provision as to bringing actions to cancel conveyances must have been designed to cover all conveyances executed after, as well as before, June 15, 1896, when the act of that year took effect. There was some mistake made, very likely, in the language used in these two sections. This sometimes occurs in the preparation of acts passed by the Legislature, and, when the court is called upon to construe apparently conflicting provisions, it must give such meaning to them as will carry out the apparent intention of the Legislature. The provisions of these two sections as to the conclusive evidence of conveyances after certain specified times were pretty severe, and were liable, if left unrestricted, to work great injustice at times. This latter provision in section 132 seems to have been designed to protect landowners, by affording the remedy by application to the Comptroller or by action for the reasons referred to in the provision. And while the conveyances were left conclusive evidence generally, yet in the cases specified the application or action could be brought, and, of course, in those cases the conveyances would not be conclusive evidence. If they were, the application or action would be futile and useless.

We are unwilling to assent to the proposition, much argued by the appellant's counsel, that the intent of the Legislature was to confine section 131 to unrecorded conveyances, and limit section 132 to recorded conveyances alone. We think the provisions of both sections as to the conclusive evidence of the conveyances are inapplicable to the

applications and actions provided for by the last clause of section 132, brought for the cancellation of conveyances, for the particular reasons therein specified. And in these cases the grounds for canceling the conveyances may be established, by evidence outside the conveyances themselves, and may be litigated and determined by the Comptroller or the court, regardless of the provisions of the sections making the conveyances themselves conclusive evidence. This seems to be the view taken by the court in the Second Department in Jackson v. Rowe, 106 App. Div. 65–71, 94 N. Y. Supp. 568.

The remaining question, therefore, is whether, under the allegations of the complaint, one or more of the reasons specified as ground for bringing the action existed. There were three such reasons specified in the statute: ·First, the payment of the taxes, which was not alleged; second, the levying of the taxes by a town having no legal right to assess the land on which they were made, which was not alleged either, as the land was within the town where the taxes were levied, and there can be no doubt that the town had a legal right to assess it; third, any defect in the proceedings "affecting the jurisdiction upon constitutional grounds." This is the real reason for which the plaintiff must maintain the action and procure a cancellation of the conveyance, if it can be done at all. The difficulty, however, is in determining what defects in the proceedings are covered by this language, "affecting the jurisdiction upon constitutional grounds." In Jackson v. Rowe, cited above, Mr. Justice Miller, of the Second Department, says:

"We may assume that section 132 limits section 131, and extends the statute of limitations in the three cases mentioned. Still the two sections should be construed together, so as to harmonize both if possible; and if it be urged that every noncompliance with the statute in any substantial respect is such a defect as constitutes the taking of property without due process of law, then every defect, whether termed jurisdictional, or an irregularity merely, would be a defect in the proceedings affecting the jurisdiction upon constitutional grounds. Certainly this could not have been the legislative intent, else there would be no cases in which the two-year limitation provided by section 131 would not be extended to five years by section 132."

The defects there complained of were a failure of the assessors to certify that the unoccupied lands assessed, were not subdivided, or that they could not ascertain the subdivision as provided by the statute, and their failure to subscribe the oath annexed to the assessment roll; and these were held not to be defects affecting the jurisdiction on constitutional grounds. There are numerous cases where the question has been considered as to what defects in these proceedings are jurisdictional, as distinguished from irregularities merely, and what defects of either kind can be cured by subsequent acts of the Legislature. Such are Ensign v. Barse, 107 N. Y. 329, 14 N. E. 400, 15 N. E. 401; People v. Turner, 117 N. Y. 227, 22 N. E. 1022, 15 Am. St. Rep. 498; People v. Turner, 145 N. Y. 451, 40 N. E. 400; Meigs v. Roberts, 162 N. Y. 871, 56 N. E. 838, 76 Am. St. Rep. 322; Wallace v. McEchron, 176 N. Y. 424, 68 N. E. 663. But we find no case, aside from Jackson v. Rowe, above, that in any way considers the particular question here involved—what defects affect the "jurisdiction on constitu-

tional grounds?" And the latter case affords us little information beyond the particular defects there complained of.

The theory of the respondent is that the defects, in order to come within this third reason for canceling a deed, must be such as are not only jurisdictional, but such also as would deprive the owner of any relief or remedy, and would deprive him of his property without due process of law. The appellant seems to assent to the proposition substantially, though not in this express language. The difficulty is in applying this principle—in determining what particular defects are covered by this general proposition. The appellant refers to eight defects alleged in his complaint, all of which he claims comes within this clause of the statute, viz.: (1) The assessment roll was not made prior to August 1st. (2) The assessors having designated one place for holding grievance day, only one came there. The other two met ten miles away and completed the roll. (3) Defects in the oaths of the assessors to the roll, which is not set forth in the complaint, and can only appear from proofs to be given at the trial. (4) The roll was completed and verified by only two of the assessors, the third having no opportunity to take part therein. (5) The roll, valuation and all, was made by a person or persons other than the assessors. (6) The board of supervisors did not determine the tax. (7) Nonverification of the collector's return of unpaid taxes. (8) Application by plaintiff to Comptroller for statement as to the amount of tax due, and information given that no tax was due.

The trial court did not consider the question as to whether any of these defects were covered by the third reason specified in the statute, but disposed of the case upon the holding that section 132 had no application to this case, in any event. In this we think there was error. There are more or less facts that might be elicited on a full trial of the case, and which under the present record rest upon allegations and inferences to be drawn therefrom. It seems to us that it would be better that a retrial be had, and the real facts be determined from the evidence, and that the question should then be passed upon by the trial court, before we are required to review and determine such questions of law as may be presented.

We do not overlook the suggestion, made by respondent's counsel, that the appellant could not, by reason of the alleged defects, even if jurisdictional, be deprived of any relief or remedy, or of his property, without due process of law, because under sections 40 and 140 of the act (chapter 908, pp. 812, 846, Laws 1896) it had a remedy against the defects here complained of, and redress for any grievances it might have by reason thereof. Whether the failure of the appellant to take advantage of the provisions of these sections is sufficient to defeat this cause of action we prefer not to pass upon at this time.

Very serious defects in the proceedings are alleged in the complaint, and we are not now willing to say, if they exist, they do not any of them constitute a reason, under section 132, for a cancellation of the conveyance in question.

We do not think the question of estoppel arises in the present condition of the case. It may require consideration when the facts on which

it is based are made to appear from the evidence the respondent may
give on the retrial.

Judgment reversed, and new trial ordered, with costs to appellant to abide
event. All concur.