CLARK et al. v. KIRKLAND. (Supreme Court, Equity Term, Lewis County. July, 1908.) Action by John F. Clark and James Hughes against James Kirkland to remove a cloud on title. Judgment for plaintiffs. For opinion of Appellate Division, affirming the judgment, see 133 App. Div. 826, 118 N. Y. Supp. 315. Lindsley & Mackie, for plaintiffs. Davies, Johnson & Wilkinson, for defendant.

ROGERS, J. The plaintiffs claim title to a piece of woodland in the town of Osceola, Lewis county, acquired by purchase from Frank Kumrow, Edward Cole, and James N. Finch, by deed dated August 26, 1901, but not acknowledged by Finch until June 11, 1903, whose title, if any, was by a warranty deed dated November 15, 1900, from D. B. Sperry— the last-mentioned deed covering the whole of lot No. 71, township 13, Boyleston's purchase, and said deed of August 26, 1901, covering the northerly one-third of said lot. Sperry's title came from a purchase at a tax sale. The defendant claims title through a deed from the treasurer of Lewis county, dated November 10, 1903, on a sale for the taxes assessed in 1901. The county treasurer's sale was October, 1902. The plaintiffs claim the land was occupied at, and subsequently to, the sale; that no notice

was served upon the occupant within one year after the sale, as required by section 134 of the tax law (Laws 1896, p. 842, c. 708, as amended by Laws 1902, p. 460, c. 171, § 6); and, therefore, that the conveyance to the defendant was void. If People ex rel. Keyes v. Miller, 90 App. Div. 596, 86 N. Y. Supp. 189, be good law, it must be held that the plaintiffs, and their grantors, were not in the "actual occupancy" of the lands in question, within the meaning of said section 134, either at the time of the assessment, the subsequent sale, or during the one year thereafter. The words "occupant" and "occupancy," as defined in the statute and construed by the court in the case cited, would seem to require that possession of the person claiming ownership must extend in, and upon, every part of the land, regardless of its extent, character, or use, unless there be a substantial inclosure; and this, notwithstanding the statute provides that, if "occupied," the land shall be assessed to the "occupant," and, if the "occupant" resides outside the tax district, it shall be assessed as nonresident (section 9), and, further, "that if the occupant does not reside in the tax district in which the real estate is situated, the notice may be served by mail" (section 134) thereby implying that the land may be occupied, within the meaning of the statute, by one not actually on the ground; for "it is a general rule that, when a word has been used in a certain sense in one part of the statute, it is to receive the same meaning when used in other places, unless a different meaning is in some way indicated." Per Church, C. J., People v. Gates, 56 N. Y. 387, 392. The construction, therefore, in the Miller Case, seems to be narrow, and not wholly in accord with the generous interpretation which should obtain as between the owner of property and the taxing power, in construing a statute through whose provisions his title may be impaired, or wholly taken away. Matter of Fayerweather, 143 N. Y. 114, 119, 38 N. E. 278; People ex rel. Continental Ins. Co. v. Miller, 177 N. Y. 515, 517, 70 N. E. 10. But the case cited does not seem to have been reversed, or overruled. Therefore it must be followed by me; and this leads to the conclusion that the plaintiffs and their grantors were not at the time specified in "actual occupancy" within the meaning of the statute.

There was, nevertheless, a possession. On and from November 15, 1900, they had an apparent paper title. Surveys were made; the lands on the four sides of the lot were designated by blazed trees; logs were cut, skidded, and hauled out to the extent of about 100,000 feet; a road was cut, and there was built, and from time to time occupied, a shanty made of boards which afforded temporary lodging and shelter; and a caretaker was employed to visit the land at intervals of from one to two weeks, which was continued down to the time of the trial. In September, 1906, the plaintiffs recut the road, built and furnished a substantial log camp, 16 by 24 feet, and two barns, providing stabling for four horses. They selected a site and laid foundations for a sawmill, an engine and boiler were hauled in, the engine set in place, and a suitable foundation prepared for the boiler. The camp was occupied by from six to eight men, the barns by two teams, and the men and teams employed cut and skidded a large quantity of logs, amounting to about 180,000 feet. The sawmill was intended to be used in converting these logs into merchantable lumber. December 28, 1906, this work was stopped by an injunction in the action of James Kirkland v. James Hughes, John F. Clark, James N. Finch, Edward Cole, and Daniel Thurston. The plaintiffs and their grantors, from the time they acquired such paper title, acted in good faith and in the honest belief that they thereby became, and were, the real owners of the lands described in the respective deeds. They had no intention to abandon or surrender the same to any person, or persons, whomsoever. The defendant, on the other hand, exercised no dominion over said land, and was apparently "lying low" from the time of the sale in 1902 until the commencement of his before-mentioned injunction suit. Possession of real property is presumed to follow the legal title (Code Civ. Proc. § 368; Mygatt v. Coe, 147 N. Y. 456, 42 N. E. 17), and this presumption arises from merely prima facie evidence of the legal title (Archibald v. N. Y. C. & H. R. R. Co., 157 N. Y. 574, 52 N. E. 567). To be in possession, it is not essential that the owner reside on the land (Jones v. Chamberlain, 109 N. Y. 100, 107, 16 N. E. 72), or that he actually occupy all that his deed covers (Hodges v. Eddy, 38 Vt. 327, 337). When the land is subject to the will and control of a person, to deal with at pleasure, and to exclude others therefrom, when he has a foothold and has made an actual entry, he is deemed to be in possession. United States v. Rogers (D. C.) 23 Fed. 658, 666; Sullivan v. Sullivan, 66 N. Y. 37; Churchill v. Onderdonk, 59 N. Y. 136; Mygatt v. Coe, 147 N. Y. 456, 470, 42 N. E. 17, dissenting opinion of Haight, J.; Ellicott v. Pearl, 35 U. S. 442, 9 L. Ed. 475. A wife, though never an actual occupant, may have such possession of land as entitles the husband after her death to maintain an action for curtesy. Trolan v. Rogers, 79 Hun, 507, 510, 29 N. Y. Supp. 899. There may be such possession without actual occupation as will enable a party to bring an action to determine an adverse claim to real estate under section 1638 of the Code of Civil Procedure (Whitman v. City of New York, 85 App. Div. 468, 83 N. Y. Supp. 465), to recover damages for a trespass (Phillips v. De Groat, 2 Lans. 192), or to partition lands held in common (Wainman v. Hampton, 110 N. Y. 429, 433, 18 N. E. 234), even against persons in possession and holding adversely, notwithstanding the statute (Code Civ. Proc. § 1532) permits the action "where two or more persons hold and are in possession of real property" (Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952).

My conclusion on this branch of the case, therefore, is that, while the plaintiffs and their grantors were not in actual occupation, within the meaning of the tax law, yet that they were, and are, in possession of the lands in question; that their possession is prima facie evidence of title (Mayor v. Carleton, 113 N. Y. 291, 21 N. E. 55), and though it is the lowest interest or

title that they could have, yet that it is an estate therein (Mygatt v. Coe, 142 N. Y. 78, 36 N. E. 870, 24 L. R. A. 850; Id., 147 N. Y. 456, 42 N. E. 17); and that as such possessors they have a right (other essentials being established) to maintain this action to remove the defendant's deed as a cloud upon their title, the invalidity not appearing upon the face of the record, but being shown, if at all, by extrinsic evidence (Craft v. Merrill, 14 N. Y. 456, 460; Scott v. Onderdonk, 14 N. Y. 9, 15, 67 Am. Dec. 106; Crooke v. Andrews, 40 N. Y. 547; West Troy Nat. Bank v. Levy, 127 N. Y. 549, 554, 28 N. E. 592; Bockes v. Lansing, 74 N. Y. 437, 443; 1 Story, Eq. § 711). The land was assessed as nonresident property, notwithstanding one of the owners was all the time a resident of the town of Osceola, the tax district in which the land was situate, and which fact was well known to the assessors. The statute as it then (1901) was provided that, "when real property is owned by a resident of a tax district in which it is situated, it shall be assessed to him," and "if the occupant resides out of the tax district, or if the land is unoccupied, it shall be assessed as nonresident." Section 9. The real property of nonresidents of the tax district shall be designated in a separate part of the assessment roll, etc. Section 29. When assessed to the owner he must be called upon by the collector for payment of the tax at least once. Section 71. In the first case the assessment is against the owner. He is taxed for his land. In the second case the tax is upon the land. Marsh v. Ne-ha-sa-ne Park Association, 25 App. Div. 34, 49 N. Y. Supp. 384; Hagner v. Hall, 10 App. Div. 581, 42 N. Y. Supp. 63; Id., 159 N. Y. 552, 54 N. E. 1092. There are many cases, under this and like prior and contemporary statutes, to the effect that assessors can make assessments only as authorized by the statute (Sanders v. Downs, 141 N. Y. 422, 426, 36 N. E. 391; Clason v. Baldwin, 152 N. Y. 204, 210, 46 N. E. 322; Stebbins v. Kay, 123 N. Y. 31, 35, 25 N. E. 207; Whitney v. Thomas, 23 N. Y. 281; Trowbridge v. Horan, 78 N. Y. 439; Cottle v. Cary, 73 App. Div. 54, 56, 76 N. Y. Supp. 580), and that an assessment of lands when the owner is in fact a resident of the tax district, or an assessment for land against the owner when he is not a resident, and there is no occupant, or against one not the owner or occupant, is absolutely void. Hilton v. Fonda, 86 N. Y. 339; Stewart v. Crysler, 100 N. Y. 378, 3 N. E. 471; Calkins v. Chamberlain, 28 Wkly. Dig. 292; Mittendorf v. Dunscomb, 113 App. Div. 909, 99 N. Y. Supp. 306; Joslyn v. Rockwell, 128 N. Y. 334, 28 N. E. 604; People v. Wemple, 117 N. Y. 77, 22 N. E. 761; Hagner v. Hall, 10 App. Div. 581, 42 N. Y. Supp. 63; Rowley v. City of Poughkeepsie, 106 App. Div. 258, 94 N. Y. Supp. 454; Cottle v. Cary, 61 App. Div. 66, 70, 70 N. Y. Supp. 129; Douglas v. Board of Supervisors, 172 N. Y. 309, 313, 65 N. E. 162; Cromwell v. MacLean, 123 N. Y. 474, 25 N. E. 932. The tax law gives the owner a right by action in a competent court to attack an assessment or sale for nonpayment of taxes when the same is deemed illegal "by reason of any defect in the proceed-

ing affecting the jurisdiction upon constitutional grounds * * *: provided, however, * * * that such action shall be brought within five years from the expiration of the period allowed by law for the redemption of lands sold at the particular sale sought to be canceled." Section 132. The assessment and sale may also be challenged on other grounds, viz.: Where the taxpayer's default was caused by the neglect of the proper officers charged with the duty of giving information when duly requested to state whether the tax be in fact outstanding (Wallace v. McEchron, 176 N. Y. 424, 429, 68 N. E. 663), and where the assessment is against an "estate" without naming the owner (McCue v. Supervisors, 162 N. Y. 235, 56 N. E. 627).

Was the assessment in question defective and without jurisdiction upon constitutional grounds? The assessment was not according to the statute. On the other hand, it was in direct violation of its mandate, so that, if this assessment were held valid, an owner might be divested of his property by the assessors' unlawful act by an assessment not authorized by any statute. The effect of such a holding would produce a lawful deed from an unlawful assessment; an absurdity not to be assented to. If permitted, it would be difficult to draw the line between what the assessors might do, or omit to do, outside of the statute, and the assessment still be held good. It seems to me, therefore, applying the plain language of the statute itself and the authorities above cited, that the assessment in question, of resident as nonresident land, was void. If void, was the defect in the proceedings one affecting the jurisdiction upon constitutional grounds? No person shall be deprived of his property without due process of law. Const. art. 1, § 6. It is impossible for me to understand that an assessment made in express violation of the statute, so as to be adjudged void, can, by any sensible method of reasoning, be deemed "due process of law." People v. Ladew, 189 N. Y. 355, 82 N. E. 431. Surely the act is not according to the "law of the land," a term synonymous with "due process of law." 3 Words and Phrases, 2232; Stuart v. Palmer, 74 N. Y. 183, 188–194, 30 Am. Rep. 289, and cases cited. I conclude the defect rests upon constitutional grounds. The action seems to have been brought in due time. The sale was in October, 1902. To this is added one year for redemption, and then five years for the commencement of the suit. Section 132; Adirondack League Club v. Keyes, 122 App. Div. 178, 106 N. Y. Supp. 963.

The defendant urges that the plaintiffs have not sufficient title to maintain this action. The statute does not prescribe the nature or quality of the estate which the owner must have. As already seen, the plaintiffs have been, and are, in possession of the property, exercising acts of dominion, claiming title under a deed. The defendant, on the other hand, was never in possession and made no claim of title, nor attempt to take possession, until the commencement of his injunction suit. The defendant further urges that the plaintiffs' deed came by virtue of an assessment no better than his. The de-

fendant's counsel in his brief correctly states the rule as follows: "The complainant in the bill to remove a cloud is not bound to show a perfect title from the government, nor as against all the world; but he must show title in himself superior to the alleged cloud." To the same effect is Craft v. Merrill, 14 N. Y. 456, cited in Casler v. Shipman, 35 N. Y. 540. The plaintiffs are superior in the fact of possession and exercise of acts of ownership. It follows that the plaintiffs should have judgment with costs. The plaintiffs' attorneys may prepare and submit findings in accordance with this memorandum. Judgment for plaintiffs.