ELIZA A. BRASE, Appellant, *v.* JOHN MILLER et al., Respondents.

**Tax — under the Tax Law the county seal must be affixed to warrants issued by boards of supervisors.**

A statutory requirement that a warrant issued by a board of supervisors for the collection of taxes shall be under the seal of the county is mandatory; hence, a warrant, bearing the seal of the board of supervisors only, is invalid and the defect is fatal to a tax sale based thereon.

Prior to the passage of the General Tax Law of 1896 certain special statutes, relating to the subject of taxation, but not affecting the form of the tax warrant, were in force in towns situated in the present county of Nassau. By that law the requirement as to the character of the seal to be affixed to such warrant was changed. *Held*, that the provisions of the general law were applicable to a warrant thereafter issued by the board of supervisors of that county.

*Brase* v. *Miller*, 119 App. Div. 872, reversed.

(Argued February 26, 1909; decided April 6, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered

May 2, 1907, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George Wallace* for appellant. A tax warrant without the county seal required by law is a warrant without seal and is void. (*City of Rochester* v. *Bloss*, 77 App. Div. 30; *Lockwood* v. *Gehlert*, 127 N. Y. 241; *Bellinger* v. *Gray*, 51 N. Y. 610.)

*Leander B. Faber* and *Charles H. Street* for respondents. The sealing of the warrant with the seal of the board of supervisors, instead of the county seal, did not invalidate the tax. (*Chamberlain* v. *Taylor*, 36 Hun, 43.)

WILLARD BARTLETT, J. In 1898 the plaintiff was the owner of three lots of land which contained 1/16 of an acre each, situated in the town of Hempstead, Queens county. That town became a part of the newly-constituted county of Nassau on the 1st day of January, 1899. (Laws of 1898, chap. 588.) In January, 1899, the board of supervisors of Nassau county delivered to the receiver of taxes of the town of Hempstead a warrant for the collection from the several persons and corporations named in the assessment roll thereunto annexed of the taxes set opposite their respective names. The taxes upon the plaintiff's lots shown in the assessment roll, amounting to 44 cents on each lot, were not paid, and the lots were sold upon due notice by the county treasurer on December 17, 1902. The plaintiff brought this action to set aside the sale. The trial court rendered judgment in favor of the defendants who are the assignees of the purchaser at the tax sale and that judgment has been unanimously affirmed by the Appellate Division.

In the view which I take of this case it is necessary to consider and discuss only one of the points presented and argued

in behalf of the appellant, and that is the objection to the validity of the warrant which was the basis of the tax sale on the ground that the county seal of the county of Nassau was not affixed thereto. It is proper to say, however, that I have examined all of the other objections made by the appellant to the validity of the tax sale and deem none of them tenable.

The Tax Law (L. 1896, ch. 908) provides in section 56 that after a board of supervisors has levied the taxes for the county at its annual meeting the board " shall annex to the tax roll a warrant under the seal of the county, signed by the chairman and clerk of the board, commanding the collector of each tax district to whom the same is directed to collect from the several persons named in said roll the several sums mentioned in the last column thereof, opposite their respective names," etc. The warrant in this case was signed by Augustus Denton, supervisor of North Hempstead ; Smith Cox, supervisor of Hempstead ; W. H. Jones, supervisor of Oyster Bay, and by J. Seymour Snedeker, clerk of the board of supervisors of Nassau county. It bore the seal of the board of supervisors of the county of Nassau, but not the county seal. It is contended in behalf of the appellant that the warrant was fatally defective because not signed by any one as chairman of the board of supervisors, and because it lacked the seal of the county of Nassau. I do not well see how this objection can be disregarded if the General Tax Law of the state was applicable at the time when this warrant was issued in January, 1899. At that date taxation in that town was regulated to some extent by special statutes, to wit : Chapter 389 of the Laws of 1872 and chapter 268 of the Laws of 1877. These were acts which when passed were specially applicable to Queens county and hence by virtue of the Nassau county act became applicable to the county of Nassau. The first related to the town of Hempstead alone ; the second to the towns of Flushing, Newtown, Hempstead, Jamaica, Oyster Bay and North Hempstead. By the act of 1872 a receiver of taxes was substituted for the collector of taxes in the town of Hempstead.

The act of 1872 provided that the board of supervisors of Queens county should deliver to the receiver of taxes of Hempstead the assessment roll of said town with the taxes apportioned thereon " with a warrant of collection annexed or subjoined thereto." The act of 1877 provided that the board of supervisors of Queens county should deliver to the receivers and collectors of taxes in the towns named therein the assessment rolls of their respective towns with the taxes apportioned thereon, " together with a warrant for the collection thereof annexed or subjoined thereto." Neither act contained any command or direction as to the form of the warrant. To ascertain the proper form it is, therefore, necessary to have reference to the General Tax Law of the state. At the time when these special statutes were enacted in 1872 and in 1877 the provisions of the Revised Statutes in regard to taxation generally throughout the state were in force and prescribed the form of the warrant. The requirement of the Revised Statutes was that to each assessment roll delivered to a collector " a warrant, under the hands and seals of the board of supervisors, or a majority of them, shall be annexed." (1 Rev. Stat. chap. XIII, title 2, art. III, § 37, p. 396.) If, then, at the date of this warrant, January 19, 1899, the Revised Statutes had still been in effect, no question could be made as to the form of the warrant, because it was under the hands of all the members of the board of supervisors and the seal of the board could be regarded as the seal of all. At that date, however, that chapter of the Revised Statutes relating to general taxation had not only been replaced by the present Tax Law but had been expressly repealed with the exception of a single section not material here. (Laws of 1896, ch. 908, schedule of laws repealed thereby.) Hence, there had come into force when the new Tax Law took effect on June 15, 1896, a new command as to the form of the warrant for the collection of taxes to be issued by boards of supervisors. This is contained in section 56 of the Tax Law, which requires " a warrant under the seal of the county, signed by the chairman and clerk of the board." The requirement that the warrant

shall be signed by the clerk was expressly complied with. The requirement that it shall be signed by the chairman must have been complied with as the warrant was signed by all the members of the board. The requirement, however, that the warrant be under the seal of the county is found by the trial court to have been disregarded.

It seems to me that both upon principle and authority this defect must be deemed fatal to the warrant and, hence, to the tax sale based upon it. In *Matter of City of Rochester* v. *Bloss* (77 App. Div. 28 ; affirmed, 173 N. Y. 646) it was held that a warrant for the collection of taxes issued under the hand of the mayor of Rochester, but without the seal of the city which the statute required, was void, and that the collection of a tax thereunder could not be enforced. That was the case, however, of the absence of any seal whatever, not as here, a case in which the wrong seal was used. But in *Lockwood* v. *Gehlert* (127 N. Y. 241, 250) the question presented for decision was whether the certificate of a tax sale under a statute commanding that the comptroller of the city of New York " shall under his hand and seal " certify to specified facts was valid where the certificate bore the signature of one comptroller and the seal of another comptroller, and it was there held that " the hand of one comptroller and the seal of another will not answer." In the opinion of the court, which was written by Judge VANN, is the following statement of the law, which is equally applicable here: " When the statute provides that a seal shall be used, we have no power to adjudge that a signature, without a seal, is sufficient. The legislature saw fit to specify the method of authenticating the certificate, which, as we have seen, is the culminating act in transferring the title to land for non-payment of taxes, and we regard every part of the requirement as mandatory. This is in accordance with the rule of strict construction that appertains to the subject. (1 Blackwell on Tax Titles, § 469, 5th ed.) "

I do not see how we can hold that the failure to affix the proper seal does not invalidate the warrant, unless we are

prepared to say that the statutory requirements as to the form of the warrant are purely directory and not mandatory. This has not been the view generally entertained in reference to such provisions in statutes relating to taxation. The requirement that the county seal shall be affixed to the warrant is one calculated to insure greater care on the part of public officers in its issuance, inasmuch as it necessitates application by the board of supervisors to a different officer who is the custodian of that seal. It is a precautionary provision in reference to the authentication of the documents, and by no means so unsubstantial in its character as to demand that it shall be regarded as merely directory.

I have, therefore, reached the conclusion that for this reason alone the plaintiff in the present suit was entitled to prevail, and that the judgments below should be reversed and a new trial granted, costs to abide event.

CHASE, J. (dissenting). I concur in the opinion of Judge WILLARD BARTLETT except in his interpretation of the statutes of 1872 and 1877, referred to and in part quoted by him. Such statutes provide for the delivery of the assessment roll of the town of Hempstead to the receiver of taxes with the warrant of collection annexed or subjoined thereto.

Neither act contains any command or direction as to the form of the warrant. So far as appears from such special acts a warrant for the collection of taxes in any form to carry out the purpose of the statutes would be sufficient. I will assume for the purposes of this case that a reasonable construction of said special acts requires that reference be made to the General Tax Law existing at the time of the enactment of the said statutes to ascertain what was intended by the legislature in said special acts by the use of the word " warrant." The warrant attached to the assessment roll in question complies with the provisions of the General Tax Law existing at the time of the passage of said special acts.

I disagree with Judge BARTLETT in holding that the legislature intended that the form of the warrant should vary

from time to time as subsequent acts of the legislature might vary and change the statutory form thereof. It is a general rule in the interpretation of statutes that they shall be construed with reference to the time of their passage or with reference to their going into effect. (*Bradley* v. *Ward*, 58 N. Y. 401–409 ; *Griswold* v. *Atlantic Dock Co.*, 21 Barb. 225.) Such meaning must be given to words as they have at the date of the act, and such forms referred to in the statute must be adopted as exist at the time of the passage of the act, and they should not be varied by subsequent legislation unless the intention is apparent from the language of the subsequent acts. I am, therefore, of the opinion that the tax warrant signed by all of the members of the board of supervisors of the county with the seal of the board attached thereto should be regarded as the seal of all and as a compliance with the special acts relating to the collection of taxes in the town of Hempstead. This leads me to the conclusion that the judgment should be affirmed.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT and VANN, JJ., concur with WILLARD BARTLETT, J. ; CHASE, J., reads dissenting opinion ; HAIGHT, J., absent.

Judgment reversed, etc.