PEOPLE ex rel. BOENIG v. HEGEMAN, County Treasurer.

(Supreme Court, Appellate Division, Second Department.   March 17, 1916.)

1. TAXATION ☞734(7)—WARRANT—COUNTY SEAL.
        Failure to affix the county seal, as required by law, to the tax warrant issued to the receiver of taxes, was fatal to the warrant, and to the attempted sale thereunder.
        [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1470, 1471; Dec. Dig. ☞734(7).]

2. TAXATION ☞770½—CANCELLATION OF DEED—JURISDICTIONAL DEFECT—COUNTY SEAL.
        Failure to affix the county seal to a tax warrant is a jurisdictional defect, for which, under Tax Law (Consol. Laws, c. 60) § 132, tax deeds may be canceled within five years after redemption period.
        [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1539; Dec. Dig. ☞770½.]

3. TAXATION ☞788(3)—REGULARITY OF SALE—PRESUMPTION FROM RECORDED DEEDS—JURISDICTIONAL DEFECTS.
        The presumption of regularity of tax sale, and the proceedings prior thereto, declared by Tax Law (Consol. Laws, c. 60) § 132, as to tax deeds for two years recorded, does not cure jurisdictional defects, for which cancellation of deed is allowed within five years.
        [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1559; Dec. Dig. ☞788(3).]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. TAXATION ☞770—SALES—CURATIVE STATUTE—VESTED RIGHTS.

Laws 1911, c. 470, designed to cure omission of the county seal on a tax warrant, could not transfer title to the purchaser at tax sale by taking away rights already vested.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1537, 1538; Dec. Dig. ☞770.]

Jenks, P. J., and Carr, J., dissenting.

Certiorari by the People, on the relation of Robert W. Boenig, against Daniel J. Hegeman, County Treasurer of Nassau County, to review his determination. Determination confirmed, and writ dismissed.

The relator, who attended a tax sale December 21, 1909, bid in five lots sold for the Hempstead taxes of 1906. Having paid in the sums bid, relator received five tax deeds, dated January 31, 1911, which were recorded October 18, 1911. It does not appear that relator paid any further taxes on such lands. On a petition by the owner of the lands, and on an agreed statement of facts, the county treasurer, on January 13, 1915, ordered relator's tax deeds canceled because the warrant issued to the receiver of taxes for said town was not under the seal of the county as required by law. This proceeding was taken to review such order.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Frederick B. Maerkle, of New York City, for relator.
Charles T. McCarthy, of Glen Cove, for respondent.

PER CURIAM. [1, 2] The failure to affix the county seal was fatal to the tax warrant, and to the attempted sale under it. Brase v. Miller, 195 N. Y. 204, 88 N. E. 369; Matter of City of Rochester v. Bloss, 77 App. Div. 28, 79 N. Y. Supp. 236, 173 N. Y. 646, 66 N. E. 1105. For such jurisdictional defects tax deeds may be canceled within five years after the redemption period. Tax Law (Consol. Laws, c. 60) § 132.

[3] As his deeds had been on record over three years, relator invokes the presumption of regularity of the tax sale, and the proceedings prior thereto, declared by section 132 as to conveyances which have been two years recorded. While certain irregularities may be thereby cured, the Legislature has extended to five years the period within which tax deeds may be canceled for jurisdictional defects. Adirondack League Club v. Keyes, 122 App. Div. 178, 106 N. Y. Supp. 963.

[4] The special statute designed to cure this omission of the county seal (chapter 470, Laws 1911) could not transfer title to the relator by taking away rights already vested. People v. Inman, 197 N. Y. 200, 90 N. E. 438.

The determination should be confirmed, and the writ of certiorari dismissed, but without costs.

THOMAS, RICH, and PUTNAM, JJ., concur.

CARR, J. I dissent. The absence of the seal of the county from the warrant created a fatal defect. Brase v. Miller, 195 N. Y. 204,

88 N. E. 369. But this defect did not enter into the assessment itself, and I think it was not "jurisdictional" on constitutional grounds. See Hagner v. Hall, 10 App. Div. 581, 42 N. Y. Supp. 63; Ensign v. Barse, 107 N. Y. 329, 14 N. E. 400, 15 N. E. 401. That part of section 132 of the Tax Law which provides a five-year limitation applies to cases where the defects arise from constitutional grounds; that is, where they permeate the assessment itself and do not arise from mere irregularities as to details which the Legislature might have dispensed with in the beginning, as might have been done in this case without infringing any constitutional right of the landowner. I think the limitation of two years, provided by section 132 of the Tax Law, applies here. As the curative act of 1911 (chapter 470) was enacted *after* the sale, I do not consider it. Cromwell v. MacLean, 123 N. Y. 474, 25 N. E. 932.

JENKS, P. J., concurs.