THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT
    W. BOENIG, Appellant, *v.* DANIEL J. HEGEMAN, County
    Treasurer of Nassau County, Respondent.

Tax — effect of failure to affix county seal to tax warrant —
such defect not a jurisdictional defect in proceedings leading up
to sale under such warrants resting upon any constitutional
grounds — Statute of Limitations — the right to cancel a tax
deed is barred by the two-year limitation contained in section
132 of the Tax Law.

This proceeding was instituted for the purpose of reversing and
annulling the action of the county treasurer of Nassau county in
canceling certain tax deeds issued to the relator, which were so can-
celed because to the warrants issued to the tax receiver was affixed
the seal of the board of supervisors of Nassau county instead of
the seal of the county as required by the statute. While the
failure to affix the proper seal to the warrants rendered them
invalid and made the sales founded thereon invalid, it was not a
jurisdictional defect in the proceedings leading up to the sale, rest-
ing upon any constitutional ground prescribed in such cases by the
statute. (Tax Law, § 132; Cons. Laws, ch. 60.)  The deeds in ques-
tion were duly recorded more than two years before any application
was made or action taken to procure or effect their cancellation,
and the right to cancellation is barred by the two-year limitation
contained in that section.

*People ex rel. Boenig* v. *Hegeman,* 172 App. Div. 94, reversed.

(Argued January 12, 1917; decided February 27, 1917.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
March 17, 1916, which dismissed a writ of certiorari and
confirmed the determination of the defendant canceling
five tax deeds issued to the relator upon tax sales in the
county of Nassau.

The facts, so far as material, are stated in the opinion.

*Frederick B. Maerkle* and *Lynn P. Reed* for appellant.
The petitioner's claim is barred by the Statute of Limita-
tions (Tax Law, § 132) which provides that the deed shall
be conclusive two years from the date of recording the

same. (*Brase* v. *Miller*, 195 N. Y. 204; *Bryan* v. *McGurk*, 200 N. Y. 332; *Meigs* v. *Roberts*, 162 N. Y. 371; *Peterson* v. *Martino*, 210 N. Y. 412; *Wallace* v. *International Paper Co.*, 84 App. Div. 88.) The inadvertent affixing of an improper seal by the proper authorities in a proceeding otherwise regular is not a jurisdictional defect. (*Meigs* v. *Roberts*, 162 N. Y. 371; *Ensign* v. *Barse*, 107 N. Y. 329; *Clark* v. *Kirkland*, 133 App. Div. 826; *People ex rel. Staples* v. *Schmer*, 150 App. Div. 11; *Shea* v. *Campbell*, 71 Misc. Rep. 222, 230; *Hagner* v. *Hall*, 10 App. Div. 581; *Olmstead* v. *Roberts*, 69 Misc. Rep. 641; *Bryan* v. *McGurk*, 200 N. Y. 332.)

*Charles T. McCarthy* for respondent. The application to cancel the tax deeds was made within the time limit prescribed by section 132 of the Tax Law. (*Bryan* v. *McGurk*, 200 N. Y. 332; *Brandler* v. *Hill*, 84 Misc. Rep. 359; *Adirondack* v. *Keyes*, 122 App. Div. 178; *Jackson* v. *Rowe*, 106 App. Div. 65; *People ex rel. McGuinness* v. *Lewis*, 127 App. Div. 107.) The failure to affix the seal of the county of Nassau to the warrant issued to the receiver of taxes was a jurisdictional defect. (*Brase* v. *Miller*, 195 N. Y. 204; *Rochester* v. *Bloss*, 77 App. Div. 28; 173 N. Y. 656; *Lockwood* v. *Gehlert*, 127 N. Y. 241.) Tax sales should be strictly construed. (*Clason* v. *Baldwin*, 152 N. Y. 204; *Brown* v. *Mayor*, 3 Hun, 685.)

HISCOCK, Ch. J. This proceeding was instituted for the purpose, in effect, of reversing and annulling the action of the county treasurer of Nassau county in canceling certain tax deeds issued to the relator. Said deeds were so canceled because to the warrants issued to the tax receiver was affixed the seal of the board of supervisors of Nassau county instead of the seal of the county as required by the statute. The sole question of importance argued upon this appeal is one involving the interpretation and application of the five-year Statute of Limitations contained in section 132 of the Tax Law. If

other questions could have been argued they have not been and we shall confine ourselves to the consideration of the question thus presented.

It is conceded by the appellant that the failure to affix the proper seal to the warrants which were issued as aforesaid rendered the same invalid and made the sales founded thereon invalid. (*Brase* v. *Miller*, 195 N. Y. 204.) It is, on the other hand, assumed and not questioned by the respondent that statutes limiting the time within which advantage could be taken of this fault and the sales founded upon said warrants be declared invalid, barred his right to cancel the deeds unless said limitation of five years contained in section 132 of the Tax Law (Cons. Laws, ch. 60) applied. That section is entitled, "Effect of former deeds," and provides: "Every such conveyance heretofore executed by the comptroller, county treasurer or county judge and all conveyances of the same lands by his grantee or grantees therein named, which have for two years been recorded in the office of the clerk of the county in which the lands conveyed thereby are located * * * shall be conclusive evidence that the sale and proceedings prior thereto, from and including the assessment of the lands, * * * were regular * * * but all such conveyances and certificates, and the taxes and tax sales on which they are based, shall be subject to cancellation, by reason of the payment of such taxes, or by reason of the levying of such taxes by a town or ward having no legal right to assess the land on which they are laid, or by reason of any defect in the proceedings affecting the jurisdiction upon constitutional grounds, on direct application to the comptroller, or in an action brought before a competent court therefor; provided, however, that such application shall be made, or such action brought, in the case of all sales * * * hereafter held (in which class the present case falls) * * * within five years from the expiration of the period allowed by law for the redemption of lands sold at the particular sale sought to

be canceled." The deeds in question were duly recorded more than two years before any application was made or action taken to procure or effect the cancellation thereof, and, as has been said, no question is made that relief was barred unless the respondent was authorized to cancel said deeds at the date when he attempted to do so, because the failure to affix the proper seal to the warrants which were issued was a "defect in the proceedings affecting the jurisdiction on constitutional grounds," and in which case the limitation of five years would not have expired.

We do not think the failure to affix the proper seal was a jurisdictional defect resting upon any constitutional ground, and, therefore, governed by the period of five years.

We shall not attempt to define every fault in tax proceedings which might amount to a jurisdictional defect under constitutional principles. Some of these readily occur to the mind and may be cited simply for purposes of comparison with the present one. Such an one would arise from failure to give a taxpayer any notice of an assessment against him or opportunity to be heard in respect thereof. Other equally grave flaws would be those specifically mentioned in the statute where the taxes for which the sale was being made had been paid, or where an attempt had been made to levy taxes by or on behalf of a town or ward having no right whatever to assess the land on which the tax was being laid, and still another jurisdictional fault would arise where lands of a resident were assessed and sold as on an assessment against a non-resident. Various defects of this jurisdictional character are discussed in the following cases which sustain the views here being adopted: *Williams* v. *Supervisors of Albany* (122 U. S. 154, 164); *Ensign* v. *Barse* (107 N. Y. 329); *Cromwell* v. *MacLean* (123 N. Y. 474); *Joslyn* v. *Rockwell* (128 N. Y. 334); *Meigs* v. *Roberts* (162 N. Y. 371); *Bryan* v. *McGurk* (200 N. Y. 332); *People ex rel. McGuinness* v. *Lewis* (127 App. Div. 107).

It is easy to see that the error of the tax officials in any one of the instances mentioned would affect the very foundation of the proceedings upon which a tax sale might rest, and that a sale despite such a defect would be without jurisdiction and would invade the constitutional rights of the taxpayer in a manner that could not be cured by subsequent legislation. Comparison, however, shows how different such cases would be than the present one. Here there has been no failure to act and no erroneous action which disregarded the fundamental requirements of a valid assessment or sale. No complaint is made that the taxpayer did not have full notice of the assessment and an opportunity to be heard in respect thereof. It is not asserted that the tax had been paid, that the property was not properly described, that full power did not exist to issue the warrants under which the sales were made, or that such warrants did not contain a proper description of the lands and necessary official signatures. The only trouble arose from the inadvertent act of affixing the wrong seal, and while under the case of *Brase* v. *Miller* (*supra*) this error made the warrants invalid and the sales ineffectual because there was a failure to comply with a mandatory statute, the legislature, if it had seen fit, could have provided that the seal of the board of supervisors should be affixed, or could have dispensed with the affixation of any seal, or by appropriate and timely legislation could have cured the error if it had been committed and the warrant issued. Under such circumstances we think it is perfectly safe to say that the fault amounted to an irregularity, and that it did not rise to the dignity of a jurisdictional defect based on constitutional grounds.

The order appealed from should, therefore, be reversed, with costs in all courts, and the determination and act of the county treasurer be annulled.

CHASE, COLLIN, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Order reversed, etc.